**J.L. BUSBY, Appellant,**

v.

**CANON WELL SERVICES, INC., Appellee.**

**No. 68425.**

Court of Appeals of Oklahoma, Division No. 1.

March 28, 1989.

Jack R. Lawrence, Oklahoma City, for appellant.

Jay A. Deaton, Tulsa, for appellee.

## MEMORANDUM OPINION

HUNTER, Presiding Judge:

Upon the consideration of the briefs and record in the above-styled matter, the Court finds as follows:

(1) Appellant seeks review of the judgment of the trial court awarding attorney fees to Appellee as prevailing party, pursuant to Title 12 O.S.1981, § 940(A). Appellant brought suit against Appellee for damages resulting from Appellee's total destruction of Appellant's oil and gas well, "Reynolds No. 1." Appellee was employed by Appellant to fracture the well, but allegedly used the wrong chemical agent. The result was a total emulsification of the formation, and a destruction of the ability of the well to remove oil and gas. Appellant pled its cause of action as a breach of contract or in the alternative in negligence. The matter was tried to a jury which returned a verdict in favor of Appellee. Appellee, as prevailing party, moved for attorney fees pursuant to Title 12 O.S. § 940(A).

(2) Appellant contends the trial court erred in its finding that Appellant's claims in the lawsuit came within the scope of Title 12 O.S.1981 § 940(A), negligent injury to property. We disagree. Title 12 O.S. 1981 § 940(A) provides in part:

"In any civil action to recover damages for the negligent or willful injury to property ..., the prevailing party shall

be allowed reasonable attorney fees, ..."

The specific question on appeal is whether Appellant's cause of action for destruction of the oil and gas well constitutes injury to property within the provisions of § 940(A). We determine that it does. This question has not been previously addressed in Oklahoma. Both parties cite *Woods Petroleum v. Delhi Gas Pipeline Corporation,* 700 P.2d 1011 (Okla.1984), in support of their respective positions. The *Woods* decision held that attorney fees recoverable under the provisions of § 940(A) by the prevailing party contemplate only those actions for damages for the negligent or willful *physical* injury to the property. Woods brought suit against Delhi alleging, as one of its theories, that Delhi had negligently caused a miscalculation of the gas sold, to the detriment of Woods. The Supreme Court reversed the trial court's award of attorney fees to Woods as prevailing party, finding a lack of physical injury to the property.

The *Woods* decision did not find that oil or gas was not "property" under the provisions of § 940(A), but rather found that the required physical injury to the property was not present. In Appellant's action against Appellee, damages were sought for negligent destruction of the oil and gas well. In awarding attorney fees to Appellee under the provisions of § 940(A), the trial court was presented with actual injury to the property itself, and not the broader field of rights in property found to be outside the meaning of § 940(A) in *Woods Petroleum Corporation, supra.* *Schaeffer v. Schaeffer,* 743 P.2d 1038 (Okla.1987).

Appellant's action was one to recover for damages for negligent injury to property. Pursuant to the provisions of Title 12 O.S. 1981 § 940(A), Appellee, as prevailing party, is entitled to a judgment against Appellant for attorney fees.

For the reasons stated above, the judgment of the trial court is AFFIRMED.

HANSEN and MacGUIGAN, JJ., concur.