Ladonna L. CARSON and Charles E. Carson, Appellants,

v.

**SPECIALIZED CONCRETE, INC., Appellee.**

No. 70390.

Supreme Court of Oklahoma.

Sept. 18, 1990.

Rehearing Denied Oct. 16, 1990.

R. Jack Freeman, Tulsa, for appellants.

Sanders & Carpenter by Philip McGowan, Tulsa, for appellee.

HODGES, Justice.

On December 30, 1986, LaDonna and Charles Carson (petitioners/plaintiffs) brought an action against Specialized Concrete, Inc. (respondent/defendant) to recover for damage to petitioners' motor vehicle. In November 1987, the respondent made an offer to petitioners pursuant to Okla.Stat. tit. 12, § 940(B) (1981), to confess judgment "in the amount of $675.00 inclusive of all interest, costs, and attorney fees." The petitioners did not accept the offer. The jury returned a verdict for the petitioners for $639.35 in damages, 100 percent of the amount of plaintiff's prayer.

Petitioners moved for attorney fees, costs, and prejudgment interest. Attached to the motion as Exhibit A was an itemization of costs and as Exhibit B was an itemization of legal services. The respondent stipulated that the hourly fee was reasonable and that the costs and attorney fees were actually expended and were reasonable. At the time of the offer, the petitioners had incurred $92.72 in costs and $1095.00 in attorney fees. The trial court, finding that the judgment was for a lesser amount than the offer, denied the petitioners' motion. The Court of Appeals reversed and found that the petitioners were entitled to costs, interest, and attorney fees under section 940(B).

The only issue presented is whether, under section 940(B), the trial court must consider the amount of the costs and attorney fees when determining if a jury verdict is lesser or greater than the amount of an offer which includes costs and attorney fees. Section 940(B) provides that if a defendant makes an offer which is rejected by the plaintiff and the subsequent judgment is greater than the offer, the plaintiff is entitled to attorney fees.

We addressed a similar issue in *Evans v. Sitton*, 735 P.2d 334 (Okla.1987). In *Evans*, the plaintiff brought suit to recover damages caused to a motor vehicle. The defendant offered to confess judgment in the amount of $500.00 inclusive of all interest, costs, and attorney fees. The offer was rejected. The jury awarded plaintiff $306.00 in damages, an amount less than the sum specified in the offer. The plaintiff moved for attorney fees of $2,182 pursuant to Okla.Stat. tit. 12, § 940(B). The defendant objected and moved for attorney fees under section 940(A). The trial court denied the plaintiff's motion and granted the defendant's motion. The Court of Appeals reversed and found that the offer was invalid and that the plaintiff was entitled to attorney fees under section 940(A) as the prevailing party. This Court held that the offer which included costs and attorney fees was a valid offer and that the plaintiff's entitlement to attorney fees as the prevailing party was subject to section 940(B).

The general rule is that a party cannot recover attorney fees unless so provided by statute or contract. *City Nat'l Bank & Trust Co. v. Owens*, 565 P.2d 4, 7 (1977). In an effort to encourage settlements, the Legislature enacted Okla.Stat. tit. 12, § 940 (1981). Subsection 940(A) directs the payment of the prevailing party's attorney fees in cases of negligence or willful injury. The defendant can avoid the consequences of subsection 940(A) by making a settle-

ment offer which is greater than or equal to the judgment. *Id.* at § 940(B).

The respondent argues that the amount of an offer inclusive of interest, costs, and attorney fees should be compared with the amount of the judgment to determine the applicability of subsection 940(B). Under respondent's argument, a defendant can thwart the legislative intent of section 940 by offering an amount that is more than the amount claimed but less than the recovery plus the total taxable court cost. The Legislature did not intend for this loophole to exist.

In the present case, the judgment coupled with the costs, which were easily determinable at the time of the offer, are more than the settlement offer. Therefore, we find that under Okla.Stat. tit. 12, § 940(B) the plaintiff is entitled to attorney fees.

CERTIORARI GRANTED. OPINION OF THE COURT OF APPEALS VACATED. ORDER OF TRIAL COURT IS REVERSED AND THE CAUSE REMANDED TO THE TRIAL COURT FOR FURTHER PROCEEDINGS.

OPALA, V.C.J., and SIMMS, DOOLIN, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

LAVENDER, J., concurs in result.

HARGRAVE, C.J., dissents.