James L. PARKS and Jes Oil and Gas Corporation, Plaintiffs–Appellees,

v.

AMERICAN WARRIOR, INC., Defendant–Appellant.

No. 93–6162.

United States Court of Appeals, Tenth Circuit.

Jan. 4, 1995.

Carl Michael Smith and G. Neal Rogers of Lawrence & Ellis, P.A. of Oklahoma City, OK, for defendant-appellant.

Eric S. Gray and Thomas P. Goresen of Gray, Goresen, Moriarty & Wright, Oklahoma City, OK, for plaintiffs-appellees.

Before ANDERSON and BRORBY, Circuit Judges, and MECHEM,* Senior United States District Judge.

MECHEM, Senior District Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

In this diversity case defendant appeals the district court's award of attorney's fees under state law. Defendant also challenges the court's refusal to reduce the fee award pursuant to an offer of judgment and in light of plaintiffs' agreement to share fees with a non-party.

## BACKGROUND

Plaintiffs-appellees, James Parks and Jes Oil and Gas Corporation, brought suit for breach of contract and negligence against defendant-appellant American Warrior, Inc. (hereinafter "AWI") seeking compensatory and punitive damages for the permanent closure of a well in which each of the parties held a working interest. AWI appeals the district court's award of attorney's fees to plaintiffs under Oklahoma law. AWI also appeals the district court's refusal to decrease the fee award by one-third despite a cost-sharing agreement between plaintiffs

---

* The Honorable Edwin L. Mechem, Senior United States District Judge for the District of New Mexico, sitting by designation.

and a non-party to the action, and the court's subsequent determination that AWI's offer of judgment did not defeat the damages award. Finally, defendant challenges the district court's acceptance of the parties' stipulation as to plaintiffs' reasonable attorney's fees. We affirm.

Plaintiffs sought to recover damages for the injury caused by defendant's wrongful plugging of an oil well on theories of breach of contract, breach of fiduciary duty and negligence. The District Court instructed the jury on the breach of contract and breach of fiduciary duty claims only. The court declined to instruct the jury that the cost of drilling a replacement well was a proper measure of damages, directing the jury instead to measure damages as the value of reserves lost to all the parties as a result of the plugging. After entry of judgment on a jury verdict for actual and punitive damages totaling $66,150, plaintiffs moved the Court for an award of attorney fees, expenses and costs under an Oklahoma statute which provides for the payment of fees and costs to the prevailing party in "any civil action to recover damages for the negligent or willful injury to property and any other incidental costs related to such action." 12 Okla.Stat. § 940(A). The fee application and Bill of Costs were consolidated for hearing before a United States Magistrate Judge. The Magistrate held the attorney fees were recoverable under state law, and further held that the fees were not subject to reduction for AWI's pretrial offer of judgment. Fed.R.Civ.P. 68. Nor were the fees subject to reduction because of a litigation agreement with a non-party. The Magistrate accepted a stipulation by the parties that $135,000 was a reasonable fee award, and $15,000 was a reasonable cost award. AWI objected to the Magistrate's report and recommendations. Upon *de novo* review, the district court affirmed the Magistrate's decision.

The first issue presented is whether the wrongful plugging of an oil and gas well in which plaintiffs have a working interest falls within the scope of the Oklahoma statute. If it does fall within the statute, the parties raise the additional issue of whether fees and costs can be awarded for a negligence claim which is raised in the pleadings but is not presented to the jury.

■ We review a district court's award of attorney's fees for abuse of discretion. *Supre v. Ricketts,* 792 F.2d 958, 961 (10th Cir.1986). The district court's factual findings are only reversed if clearly erroneous. *Id.* Legal conclusions and statutory analysis are reviewed *de novo. Mid–America Pipeline Co. v. Lario Enterprises, Inc.,* 942 F.2d 1519, 1524 (10th Cir.1991).

## DISCUSSION

■ The Oklahoma Supreme Court held that 12 O.S.Supp.1979 § 940(A) "contemplates only those actions for damages for the negligent or willful physical injury to property." *Woods Petroleum Corp. v. Delhi Gas Pipeline Corp.,* 700 P.2d 1011, 1013 (Okla. 1984). The statute does not apply to all property rights, but is strictly construed to apply to claims for physical injury to tangible property. *Id.; See Turner Roofing and Sheet Metal, Inc. v. Stapleton,* 872 P.2d 926 (Okla.1994) (not applicable to slander of title claim); *Pelican . Production Corp. v. Wishbone Oil & Gas, Inc.,* 746 P.2d 209 (Okla.Ct. App.1987) (not applicable in suit for conversion of hydrocarbons). However, the negligent destruction of an oil and gas well falls within the scope of § 940(A). *Marino v. Otis Engineering Corp.,* 839 F.2d 1404, 1413 (10th Cir.1988); *Busby v. Canon Well Services, Inc.,* 771 P.2d 1016 (Okla.Ct.App.1989).

■ The *Marino* court awarded fees to the prevailing party despite the fact that the plaintiff held only a property right to capture and produce oil and gas. Marino sued Otis alleging negligent manufacture and installation of a well packer. The packer had to be milled out of the well, thereby destroying the well. The jury found for the defendant, who then moved for an award of attorney's fees under 12 O.S. § 940(A) as the prevailing party in a suit seeking damages for negligent destruction of property. *Marino,* 839 F.2d at 1412. Marino argued that his oil and gas lease was merely a property right, and his claim was necessarily limited to relief for damage to the property right. *Id.* We rejected that argument, stating that the "lease

has been devalued, if at all, because of the physical damage caused to the lease properties in milling out the packer from the well itself." *Id.* We looked to the pleadings to find that Marino specifically claimed compensation for damage to the geological formations from which he could have produced oil and gas had the defendant not destroyed the well. *Id.* Plaintiffs in the case at bar are not precluded from an award of fees under the Oklahoma statute by the fact that they hold a working interest in the oil and gas lease.

The Oklahoma court of appeals reached the same conclusion in *Busby*. Busby hired Canon to fracture his oil and gas well but the well was destroyed when Canon used the wrong chemical agent and emulsified the formation. *Busby*, 771 P.2d at 1016. Busby brought action in state court for breach of contract or in the alternative in negligence. *Id.* The jury found for the defendant and the court awarded fees and costs. The question presented on appeal was whether Busby's suit for destruction of the well fell within 12 O.S. § 940(A). The state appellate court held that the fee award was proper because "the trial court was presented with actual injury to the property itself, and not the broader field of rights in property found to be outside the meaning of § 940(A)...." *Busby*, 771 P.2d at 1017. These cases suggest that a claim addressing the willful or negligent damage to tangible property falls within the statute even if none of the parties own the damaged property.

■ Defendant next argues that the statute does not apply in this case because the trial court dismissed the negligence claim when it declined to give plaintiffs' proposed jury instruction on damages or any instruction on negligence. That issue is not controlling here. Defendant admits to deliberately plugging the well without notice or consent as required by contract. Section 940 goes to willful or negligent conduct. The Oklahoma Supreme Court construed "willful" in the context of § 940 as follows:

[W]illful denotes an action proceeding from a conscious motion of the will. When the word is utilized in statutes involving turpitude, it generally means with evil purpose,

criminal intent, or the like, but it is often used without that implication in statutes denouncing acts not in themselves wrong. In such cases the word denotes that which is intentional, knowing or voluntary as distinguished from accidental, and characterizes conduct marked by careless disregard, whether or not one has the right to act. *Scheaffer v. Scheaffer*, 743 P.2d 1038, 1040 (Okla.1987) (citations omitted). This case arises from the intentional plugging of a well and falls within the scope of 12 O.S. § 940.

■ If attorney's fees are held to be proper under the statute, defendant asserts that the cost-sharing contract between plaintiffs and a non-party operates to decrease the defendant's liability to plaintiffs for damages and fees. The plaintiffs entered into an agreement with Trey on January 29, 1991, whereby Trey agreed to pay one-third of the cost of pursuing the claim against AWI, including attorney's fees. The plaintiffs authorized Trey to take all necessary steps to pursue their claims and agreed not to settle the claims against AWI without Trey's permission. In exchange, plaintiffs promised to give Trey 40% of any recovery.

The Magistrate found the agreement was champertous, but did not affect the duties of the defendant to the plaintiffs and could not be used in the action to decrease defendant's liability. The trial court adopted the Magistrate's findings.

■ Champerty "is an officious intermeddling in a suit which in no way belongs to one, by maintaining or assisting either party with money or otherwise to prosecute or defend it." *Mitchell v. Amerada Hess Corp.*, 638 P.2d 441, 444 (Okla.1981). The contract between the plaintiffs and Trey is clearly champertous. However, as the Magistrate also noted, the existence of a champertous agreement between plaintiff and a third party does not affect the defendant's obligation to plaintiffs. *Id.* A defendant cannot cite a champertous agreement as a bar to claims of liability. *Id.* In this case, the champertous agreement does not relieve AWI of any liability to plaintiffs.

■ Next, defendant claims that, pursuant to 12 O.S. § 940(B), it is not liable for

plaintiffs' attorney's fees in light of its offer of judgment for $125,000. Section 940(B) provides that when an offer of judgment exceeds the award obtained by the plaintiff at trial, plaintiff is not entitled to fees and costs. 12 O.S. § 940(B). However, where, as here, an offer includes fees and costs, the court will look at the combined total of the damages awarded and fees and costs to determine whether the total falls below the offer of judgment. *Carson v. Specialized Concrete, Inc.*, 801 P.2d 691, 693 (Okla.1990). Defendant argued that the offer exceeded the award when the cost-sharing agreement with Trey operates to decrease the damages, fees and costs by one-third. We decline to decrease the award, and the unmodified award exceeds the offer of judgment by approximately $91,000. Plaintiffs fee award is not defeated by 12 O.S. § 940(B).

█ The last issue raised by defendant is whether the trial court erred in accepting a stipulation by both parties that plaintiffs' reasonable attorney's fees were $135,000 and reasonable costs were $15,000. On appeal AWI attacks its own stipulation, arguing that this lodestar amount should be reduced in light of the factors enumerated in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Defendant cites no law in support of this argument. The Oklahoma courts routinely award fees in the amount the parties stipulate is reasonable without further review. *See Prince v. Brown*, 856 P.2d 589 (Okla.Ct.App.1993), *cert. denied* July 1993; *Professional Construction Consultants, Inc. v. State of Oklahoma, ex rel. Grimes*, 646 P.2d 1262 (Okla.1982); *Maupin v. Independent School District No. 26 of Ottawa County*, 632 P.2d 396 (Okla.1981). Absent special circumstances, a stipulation binds the parties who make it. *Vallejos v. C.E. Glass, Co.*, 583 F.2d 507, 510 (10th Cir. 1978). Having stipulated to the reasonableness of the dollar amounts, defendant has no grounds to challenge the amounts awarded by the district court.

## CONCLUSION

█ Oklahoma law recognizes an oil and gas well as tangible property, and a well negligently capped falls within 12 O.S. § 940(A). Plaintiffs are entitled to an award of attorney's fees and costs under state law. The award is not properly reduced as a result of a champertous agreement with a non-party. Defendant's offer of judgment is less than plaintiffs' judgment plus fees and costs and does not defeat the fee award. The district court properly accepted the parties stipulation of reasonable fees and costs without further analysis.

The judgment of the district court is **AFFIRMED.**