Radlee F. PAYNE, Plaintiff–counter–defendant–Appellant,

v.

NORWEST CORPORATION, a Delaware corporation; Norwest Bank Billings, N.A., a Montana corporation; Norwest Bank Great Falls, N.A., a Montana corporation, Defendants–counter–claimants–Appellees.

Nos. 98–35473, 98–35924.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 1999.

Decided Aug. 10, 1999.

David A. Veeder, Veeder Law Firm, Billings, Montana, for the plaintiff-counter-defendant-appellant.

Linda L. Holstein, Lorenz F. Fett, Jr., Lockridge Grindal Nauen & Holstein, Minneapolis, Minnesota; W. Scott Mitchell, Holland & Hart, Billings, Montana; Robin Maher, Norwest Bank Billings, Norwest Bank Great Falls and Norwest Corporation, for the defendants-counter-claimants-appellees.

Before: LAY,[1] GOODWIN and McKEOWN, Circuit Judges.

LAY, Circuit Judge:

Radlee F. Payne was employed as Consumer Collection Manager of Norwest Bank in Billings, Montana until his termination in February 1994. Payne asserts that he was terminated for discriminatory and retaliatory reasons. Norwest contends that he was terminated for insubordination. Payne originally filed suit in the Montana State District Court, asserting state causes of action for wrongful discharge and tortious interference with contract. Thereafter, Payne filed suit in federal court asserting additional state law claims, and federal and state discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and the Montana Human Rights Act (MHRA), Mont.Code Ann. § 49–2–101 et seq.[2] The parties stipulated that Payne's state action would be consolidated with the suit in federal court. The district court granted summary judgment on all of Payne's federal claims. Thereafter, the court declined to exercise supplemental jurisdiction over Payne's remaining state law claims and remanded them to the Montana State District Court for further proceedings.

Payne appealed the federal district court's grant of summary judgment on his federal claims to this court. In *Payne v. Norwest Corp.*, 113 F.3d 1079 (9th Cir. 1997), this court affirmed summary judgment as to the federal discrimination claims, but reversed summary judgment on the federal retaliation claim and remanded it to the district court for trial. After the remand by this court, the district court ordered the state claims to once again be consolidated with the federal action.[3] The district court then granted summary judgment in favor of Norwest on

---

1. The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

2. Payne brought his various claims against defendants Norwest Bank Billings, N.A., Norwest Bank Great Falls, N.A., and Norwest Corporation, which will be referred to collectively as "Norwest" throughout this opinion.

3. After this court remanded Payne's federal retaliation claim to the federal district court for trial, Payne filed a motion to stay the federal court case pending resolution of the state court case previously remanded to the state court by the federal district court. Norwest then filed a motion to enforce the parties' earlier stipulation consolidating all claims in the federal court and requested that the state court action be re-consolidated with

Payne's state sex and age discrimination claims under the MHRA.

A jury trial was subsequently held on the following claims: (1) retaliation arising under Title VII and the ADEA; (2) retaliation arising under the MHRA; (3) wrongful discharge from employment arising under Mont.Code Ann. § 39–2–904(1); (4) civil conspiracy; (5) intentional interference with contract; (6) intentional infliction of emotional distress; (7) negligent infliction of emotional distress; and (8) defamation. The jury returned a verdict in favor of Norwest on all claims and judgment was entered. The district court taxed costs against Payne in the amount of $3,604.43. Payne now appeals: (1) the district court's order of re-consolidation of the state claims after remand, (2) certain evidentiary admissions, (3) the district court's grant of summary judgment in favor of Norwest on his state law discrimination claims, and (4) the taxation of costs against him (No. 98–35924).

*Consolidation of the State Claims*

■ Payne appeals the district court's re-consolidation of his state claims with his federal claims in federal court after this court remanded the federal retaliation claim. Payne argues that the district court had previously divested itself of subject matter jurisdiction over the state claims when it declined supplemental jurisdiction over them and remanded them to state court for further proceedings. We disagree.

After Payne filed his federal and state claims against Norwest in federal court, the parties stipulated that the action Payne had previously filed in state court was to be consolidated with the federal court action, and the entire state court case file was transferred to federal court. The district court then granted summary judgment in favor of Norwest on Payne's federal claims and thereafter declined to exercise supplemental jurisdiction over the remaining state law claims.[4] After this court remanded Payne's retaliation claim, however, the federal district court granted Norwest's motion to enforce the stipulation and re-consolidated the state law claims in federal court.

Payne contends that this stipulation could not be enforced because it was superseded by the district court's earlier order that declined to exercise supplemental jurisdiction over the state law claims. However, Payne fails to cite any authority that supports this view. In fact, as Payne himself acknowledges, several cases have held that pre-trial stipulations are not altered on remand. *See, e.g., Interstate Fire & Cas. Co. v. Underwriters at Lloyd's, London,* 139 F.3d 1234, 1239 (9th Cir.1998) (holding that parties were bound by pre-trial stipulation on subsequent remand); *Meyer v. Lenox (In re Lenox),* 902 F.2d 737, 740 (9th Cir.1990) ("On remand the bankruptcy court is directed to enforce the stipulation unless it finds special circumstances ...."); *see also Parks v. American Warrior, Inc.,* 44 F.3d 889, 894 (10th Cir.1995) (stating that stipulation binds the parties who make it absent "special circumstances"); *Wheeler v. John Deere Co.,* 935 F.2d 1090, 1097–98 (10th Cir.1991) (stipulation made before first trial was binding on re-trial of case and district

the federal court action on the federal retaliation claim. In response, the state court vacated the state court trial date and advised that it would defer to the federal district court's decision on the consolidation issue before ordering a new state court trial date. On September 17, 1997, the district court issued an order denying Payne's motion to stay the federal court action and granted Norwest's motion to enforce the stipulation. The court ordered the consolidation of the state law claims pending in state court with the federal retaliation claim pending in federal court. Payne filed a Petition of Writ of Mandamus in

this court requesting that we reverse the district court's re-consolidation order. This court denied the Petition on December 23, 1997, concluding that the case did not warrant intervention by means of the extraordinary remedy of mandamus. Payne filed a similar request before the Montana Supreme Court, which was also denied.

4. The district court had discretion under 28 U.S.C. § 1367(c)(3) to decline to exercise supplemental jurisdiction over the state claims because it had dismissed all the federal claims over which it had original jurisdiction.

court is vested with broad discretion in determining whether to hold a party to a stipulation). Thus, pursuant to the stipulation consolidating all claims in federal court, the district court had the authority after our remand of the federal retaliation claim to enforce the stipulation and accept supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.[5] The remand of the retaliation claim merely returned the case to the district court and restored the status quo. With the reinstatement of the federal retaliation claim, the district court, in its discretion, had every right to review its prior remand and to once again enforce the parties' stipulation consolidating all of the claims in federal court.

*Admission of Evidence*

■ After Payne was terminated, he requested a written reason for his termination from Norwest. Norwest provided him with a letter which stated, "the reason for your termination was insubordination." Payne claims this insubordination was limited solely to his actions surrounding a voicemail incident in early 1994. At trial, however, the district court allowed into evidence testimony about Payne's allegedly insubordinate behavior at two meetings held in 1993, testimony about Payne's performance as a manager and his handling of customer complaints dating back to 1992, and evidence that he was rude to customers in February 1993. The court also allowed Norwest's counsel to comment on and display a demonstrative exhibit to the jury during opening statements regarding Payne's previous negative performance reviews. Payne contends that the district court abused its discretion by admitting this evidence because, under Montana law, an employer may not offer evidence at

trial in a wrongful discharge case which suggests that the employee was discharged for reasons other than the reason set forth in the discharge letter. *See Galbreath v. Golden Sunlight Mines, Inc.*, 270 Mont. 19, 890 P.2d 382, 385 (Mont.1995); *Swanson v. St. John's Lutheran Hosp.*, 182 Mont. 414, 597 P.2d 702, 706–07 (Mont. 1979).

■ We review the district court's evidentiary rulings for an abuse of discretion and will not reverse unless prejudice is shown. *City of Long Beach v. Standard Oil Co.*, 46 F.3d 929, 936 (9th Cir.1995). We find no abuse of discretion. Although Payne contends that the insubordination mentioned in the letter referred only to his actions regarding a 1994 voicemail incident, his termination letter refers merely to "insubordination," and does not limit his insubordination to the 1994 incident. One of Payne's supervisors testified that although Payne was not terminated for any behavior preceding the voicemail incident, the voicemail incident was "the final straw." Evidence of Payne's actions toward his supervisors prior to the voicemail incident was relevant to substantiate the insubordination that Norwest gave as the reason for Payne's termination. *See Jarvenpaa v. Glacier Elec. Coop., Inc.*, 970 P.2d 84, 90–91 (Mont.1998) (upholding admission of evidence of employee morale after employee's discharge because it was offered to substantiate the reason for discharge the employer had given in its discharge letter).

■ Furthermore, as the district court found, even if the evidence was inadmissible under Payne's wrongful discharge claim, it was admissible under one of the other several theories of relief that Payne alleged.[6] Finally, the district court instructed the jury that the only reason it

5.  Section 1367(a) provides:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of

the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

6.  Much of the evidence admitted was relevant to disprove Payne's claims of conspiracy. In his federal amended complaint, Payne alleged that various Norwest employees conspired to

could consider in deciding Payne's wrongful discharge claim was the reason given in the termination letter—insubordination.[7] *See id.* at 91 (upholding admission of evidence while emphasizing that jury was instructed that it could consider on the wrongful discharge claim only the reason for termination given in the termination letter); *McGillen v. Plum Creek Timber Co.*, 290 Mont. 264, 964 P.2d 18, 25 (1998) (affirming the admission of evidence of an employee's previous workplace discipline while emphasizing that the trial court instructed the jury on the wrongful discharge claim that it could only consider the reason for discharge given in the termination letter).

*State Discrimination Claims*

Payne also brought state law claims against Norwest for age and sex discrimination under the MHRA.[8] The district court granted summary judgment in favor of Norwest on these claims as it had previously done for the discrimination claims

terminate him by making false accusations against him in warning letters, by downgrading his performance appraisals without justification, and by targeting his position for "increased numbers of women and minorities." By making such allegations, Payne put his prior performance at issue. It became necessary for Norwest to offer evidence to refute Payne's credibility and his allegations that his supervisors took unjustified actions against him in order to get rid of him.

7. The district court gave the following jury instruction:

It is the duty of any person after having discharged any employee from his service, upon demand by such discharged employee, to furnish him in writing a full, succinct, and complete statement of the reason for discharge. Plaintiff was provided with such a letter in this case, advising him that the reason for the termination was "insubordination."

You may not consider any reason other than that stated in the letter provided to Plaintiff, in determining whether Plaintiff was wrongfully discharged from his employment.

This instruction applies only to Plaintiff's claim for wrongful discharge. Other evidence concerning Plaintiff's termination from employment may be considered by

brought pursuant to federal law. Payne appeals. This court reviews the district court's grant of summary judgment *de novo*. *Siegel v. Federal Home Loan Mortgage Corp.*, 143 F.3d 525, 528 (9th Cir. 1998).

■■■ Payne contends that a genuine issue of material fact exists to preclude summary judgment under Montana's more lenient summary judgment standard for discrimination claims. Payne is correct that the Montana Supreme Court has deviated from a strict application of the analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), when considering summary judgment motions. *See Heiat v. Eastern Mont. College*, 275 Mont. 322, 912 P.2d 787, 793 (1996).[9] However, the district court was correct that no genuine issue of material fact exists to preclude summary judgment even under this more lenient standard. Although Payne alleged a prima facie case of sex and age discrimination in his complaint,[10] he failed to pro-

you with respect to the other claims asserted by Plaintiff.

8. Payne previously asserted state claims for discrimination based on race and disability, but he has abandoned those claims and they are not before us on appeal.

9. In *Heiat*, the Montana Supreme Court outlined its modified analysis:

The plaintiff must allege a prima facie case of discrimination in her complaint.... The employer seeking summary judgment must then come forward with a legitimate nondiscriminatory reason for the disparity. If the employer comes forward with a legitimate nondiscriminatory reason, the plaintiff must then, in addition to having alleged a prima facie case in the complaint, produce evidence that establishes her prima facie case as well as evidence which raises an inference that the employer's proffered reason is pretextual.
*Heiat*, 912 P.2d at 793.

10. To allege a prima facie case of age discrimination, Payne must allege that (1) he is a member of a protected class; (2) he performed his job in a satisfactory manner; (3) he was discharged from his job; and (4) he was replaced by a substantially younger work-

duce evidence to support his prima facie case, as *Heiat* requires, when the burden shifted back to him after Norwest offered a legitimate nondiscriminatory reason for Payne's termination. We agree with the district court that Payne failed to produce evidence to show that he was replaced by a woman or by a younger worker after his termination.

Payne claims that he has created a factual dispute about whether he was replaced by a younger female worker. We disagree because the evidence and Payne's own affidavit belie his claim. Payne admitted in his affidavit that when the woman at issue became the Regional Consumer Credit Manager, she assumed the position that "would be occupied by my supervisor if I was still working there." Payne Aff. ¶ 68. Thus, according to his own affidavit, Payne acknowledges that the new Regional Manager replaced his supervisor, and not Payne. While the organizational chart listed her as the manager of the Collections Department, the record shows that the position of Regional Consumer Credit Manager encompassed management responsibilities for this department and several others, had more duties than Payne's former position, and was a position several levels above Payne's. Although the organizational chart referred to her as "Manager" of the "Collections Department," that term accurately described only one of her managerial duties as Regional Consumer Credit Manager. Thus, the evidence was insufficient to create a question of fact as to whether she actually replaced Payne in his position of Consumer Collection Manager after his discharge in February 1994. As the district court correctly stated:

> Because she was, technically speaking, the manager of the Collection Department under the revised structure, reference to her as such [in the organizational chart] does not show that she actually replaced Plaintiff in his former job title as Consumer Collection Manager. In fact, [her] job classification, responsibilities and salary as Regional Consumer Credit Manager were different from and more extensive than those of Plaintiff at the time of his termination. For those reasons, it cannot be said that [she] "replaced" Plaintiff at all, and the fourth element of Plaintiff's prima facie case is lacking.

■ Furthermore, as the district court noted, even if Payne had been replaced in 1996 as he argues, the passage of time between Payne's termination in 1994 and his replacement two years later eliminated any inference of age or sex discrimination. Payne failed to submit evidence from which any reasonable jury could conclude that if his alleged "replacement" was demoted from her position as Regional Consumer Credit Manager to Payne's former position in 1996, that this demotion was in any way related to Payne's age or sex. Thus, we affirm the district court's grant of summary judgment in favor of Norwest on Payne's state sex and age discrimination claims.[11]

For the foregoing reasons, we affirm.

AFFIRMED.

---

er. *See Clark v. Eagle Sys., Inc.*, 279 Mont. 279, 927 P.2d 995, 999 (Mont.1996). Although there is no Montana Supreme Court case setting forth the elements of a prima facie case of sex discrimination under Montana law in these circumstances, the elements set forth in *Clark* would similarly apply with the exception of the fourth element. As to the fourth element, Payne must allege that he was replaced by a woman. *See Jones v. Los Angeles Community College Dist.*, 702 F.2d 203, 205 (9th Cir.1983).

**11.** Because we affirm on all issues appealed in No. 98–35473, Payne's appeal in No. 98–35924 of the costs taxed against him is moot.