2006 OK CIV APP 49

**L. ENVIRONMENTAL SERVICE, INC., Plaintiff/Appellant,**

v.

**UNITED MOTORS, INC., an Oklahoma corporation, Defendant/Appellee.**

**No. 101,232.**

Court of Civil Appeals of Oklahoma, Division No. 1.

March 24, 2006.

were awarded Defendant pursuant to 12 O.S. 2001 § 1101. For the reasons set forth below, we affirm in part and reverse in part the trial court's judgment, and remand this matter for further proceedings consistent with this opinion.

¶ 2 Plaintiff filed the instant action for breach of warranty (both implied and express) and negligence against Defendant following Defendant's replacement and attempted repairs of the transmission of a vehicle owned by Plaintiff.[1] After more than a year of pre-trial litigation, Defendant offered to confess judgment pursuant to § 1101 "in the amount of $5,000.00 inclusive of all interest, costs and attorney fees." Plaintiff rejected the offer, the case proceeded to trial and a jury subsequently awarded Plaintiff $1,800.00 in damages.

¶ 3 Plaintiff sought an award of prevailing party attorney fees and costs under 12 O.S.Supp.2002 § 936 and 12 O.S.2001 § 939. Defendant objected to any award of fees or costs to Plaintiff and requested its own award of fees and costs, pursuant to § 1101, from the date it offered to confess judgment on November 10, 2002, to the end of the case. The trial court denied Plaintiff's fee request in its entirety and granted Defendant's fee request. From said judgment, Plaintiff appeals.

¶ 4 The sole issue on appeal concerns each party's entitlement to an award of attorney fees and costs, which presents a question of law subject to *de novo* review. *Volvo Commercial Fin. LLC the Americas v. McClellan*, 2003 OK CIV APP 27, ¶ 13, 69 P.3d 274, 278. Section 936 allows a reasonable attorney fee to the prevailing party in an action to recover for labor or services, and for breach of implied warranty. *United Gen. Ins. Co. v. Crane Carrier Co.*, 1984 OK 47, ¶ 10, 695 P.2d 1334, 1337. Section 939 provides for a prevailing party attorney fee in express warranty breach actions. Section 1101, generally speaking, "allows a defendant to recover costs where a formal offer is made and is rejected by plaintiff and then plaintiff

Jerry L. Colclazier, Colclazier & Associates, Seminole, OK, for Plaintiff/Appellant.

Ed Cadenhead, Elsener & Cadenhead, P.C., Seminole, OK, for Defendant/Appellee.

Opinion by ROBERT DICK BELL, Presiding Judge.

¶ 1 Plaintiff/Appellant L. Environmental Service, Inc. appeals from that portion of the trial court's order denying Plaintiff's motion for attorney fees and costs, and awarding attorney fees and costs to Defendant/Appellee United Motors, Inc., in Plaintiff's successful action against Defendant for breach of warranty and negligence. The fees and costs

---

1. Plaintiff also sued the manufacturer of the transmission, but the judgment regarding that defendant is not at issue in this appeal.

subsequently recovers less than the offer at trial." *Hicks v. Lloyd's Gen. Ins. Agency, Inc.,* 1988 OK 97, ¶ 4, 763 P.2d 85, 86. The latter statute specifically states, "If the plaintiff fails to obtain judgment for more than was offered by the defendant, he shall pay the defendant's costs from the time of the offer."

¶ 5 At issue in this case is the amount that constitutes Plaintiff's "judgment" under § 1101 for purposes of comparison with Defendant's offer to confess judgment. Defendant argues the jury's verdict of $1,800.00 constitutes the "judgment." Plaintiff asserts because Defendant's offer to confess judgment was made inclusive of attorney fees and costs, such expenses incurred by Plaintiff before the date of Defendant's offer must be added to the damage award before an equitable comparison may be made under § 1101.

¶ 6 Initially, we note neither party argues the applicability of 12 O.S. Supp.2002 § 1101.1, which would plainly answer the above question if applicable. Subsection 1101.1(C) states:

> For purposes of comparing the amount of a judgment with the amount of an offer [in the applicable case] attorney fees and costs otherwise recoverable shall be included in the amount of the compared judgment only if the offer was inclusive of attorney fees and costs. Fees or costs recoverable for work performed after the date of the offer shall not be included in the amount of the judgment for purposes of comparison.

In any event, because Defendant's offer to confess judgment specifically referred to § 1101 and neither party has asked this Court to apply § 1101.1, we express no opinion regarding whether § 1101.1 applies to the particular facts of this case.

¶ 7 We also reject out of hand Defendant's suggestion that the jury's verdict is synonymous with the term "judgment" used in § 1101. "Had the legislature intended a § 1101 offer to be compared to a verdict, rather than to a judgment, it would have so stated. By using the word 'judgment,' rather than 'verdict,' the legislature's intent is clear." *Bohnefeld v. Haney,* 1996 OK CIV APP 141, ¶ 9, 931 P.2d 90, 91 (holding pre-

judgment interest must be added to the verdict for § 1101 comparison purposes).

¶ 8 Notwithstanding that § 1101 is silent regarding the inclusion of attorney fees and costs with the jury verdict for purposes of comparison with an offer to confess judgment, we hold those expenses must be considered where such were included as part of the offer. We first reiterate that where attorney fees and costs are otherwise recoverable, a plaintiff who accepts a defendant's offer to confess judgment under § 1101 is entitled to recover costs accrued up to the date of the defendant's offer. *Dulan v. Johnston,* 1984 OK 44, ¶ 13, 687 P.2d 1045, 1047. Because fees and costs were otherwise recoverable and Defendant's offer to confess judgment was made inclusive of such expenses, it logically follows that those expenses must be added to the jury's damage award for comparison purposes under § 1101. To compare the raw verdict of the jury with Defendant's offer to confess judgment would be, as Plaintiff aptly describes, like comparing apples to oranges.

¶ 9 Our decision is also bolstered by *Carson v. Specialized Concrete, Inc.,* 1990 OK 87, 801 P.2d 691, where the Supreme Court reached the same decision we do today with respect to a comparable statute. There, the Court considered 12 O.S.1981 § 940(B), which provided "that if a defendant makes an offer which is rejected by the plaintiff and the subsequent judgment is greater than the offer, the plaintiff is entitled to attorney fees." *Carson* at ¶ 3, 801 P.2d at 692. Specifically, § 940(B), which has not been amended, states in relevant part:

> If upon the action being adjudicated the judgment rendered is for the defendant or for the plaintiff and is for a lesser amount than the defendant's offer, then the plaintiff shall not be entitled to recover attorney's fees, court costs and interest.... And if the judgment rendered is for the plaintiff, and is for a larger amount than the defendant's offer, then the plaintiff shall be entitled to recover attorney's fees, court costs and interest.

Like § 1101, § 940 does not specify what items are included with the verdict for pur-

poses of comparison with a defendant's offer. Further, both statutes were enacted to encourage settlements. *Carson* at ¶ 5, 801 P.2d at 692 (§ 940); *Dulan v. Johnston,* 1984 OK 44, ¶ 10, 687 P.2d 1045, 1047 (§ 1101).

¶ 10 The stated issue in *Carson* was "whether, under section 940(B), the trial court must consider the amount of the costs and attorney fees when determining if a jury verdict is lesser or greater than the amount of an offer which includes costs and attorney fees." *Carson* at ¶ 3, 801 P.2d at 692. The Supreme Court answered the question in the affirmative.

> The respondent argues that the amount of an offer inclusive of interest, costs, and attorney fees should be compared with the amount of the judgment to determine the applicability of subsection 940(B). Under respondent's argument, a defendant can thwart the legislative intent of section 940 by offering an amount that is more than the amount claimed but less than the recovery plus the total taxable court cost. The Legislature did not intend for this loophole to exist.

*Carson* at ¶ 6, 801 P.2d at 693.

¶ 11 On the basis of the foregoing, we conclude the trial court erred in failing to consider Plaintiff's pre-offer expenses when comparing Defendant's offer to Plaintiff's "judgment." Because Defendant's offer of $5,000.00 was inclusive of attorney fees and costs, such reasonable expenses incurred by Plaintiff before the offer was made must be added to the jury's verdict of $1,800.00 before a comparison is undertaken pursuant to § 1101. To hold otherwise would thwart the legislative intent of that statute. We reiterate prejudgment interest must also be included with the verdict amount for comparison purposes under § 1101. *Bohnefeld,* 1996 OK CIV APP 141 at ¶ 11, 931 P.2d at 91.

¶ 12 Plaintiff presented uncontested evidence that it incurred attorney fees and costs of more than $8,000.00 as of the date of Defendant's offer to confess judgment. However, the reasonableness of those expenses has not been determined by the trial court. *See* 12 O.S. §§ 936 and 939. On remand, the trial court must determine the amount of reasonable attorney fees and costs incurred by Plaintiff prior to Defendant's offer, as well as prejudgment interest, before making a comparison of Plaintiff's "judgment" with Defendant's offer under § 1101.

¶ 13 Upon *de novo* review, we hold that portion of the trial court's judgment denying Plaintiff's request for attorney fees and costs, and awarding Defendant the same must be reversed and remanded for further proceedings consistent with this opinion. The remainder of the judgment is affirmed. Both parties' request for appeal-related attorney fees is deferred to the trial court pursuant to 12 O.S. Supp.2004 § 696.4(D).

¶ 14 AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH INSTRUCTIONS.

HANSEN and JOPLIN, JJ., concur.