Alan BISSELL; Maureen Lee Bissell, Plaintiffs–Appellants,

v.

UNITED STATES of America; Jay Deist; Kim West Deist; Mary Ann Fletcher, U.S. Forest Service; Dan Glickman, in his capacity as Secretary of the U.S. Department of Agriculture, Defendants–Appellees.

No. 07–36099.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 26, 2008.*

Filed Aug. 29, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

William A. Douglas, Esq., Libby, MT, for Plaintiffs–Appellants.

George F. Darragh, Jr., Esq., USGF— Office of the U.S. Attorney, Great Falls, MT, for Defendants–Appellees.

Before: T.G. NELSON, HAWKINS, and BYBEE, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provid-

## MEMORANDUM **

Alan Bissell and Maureen Lee Bissell appeal the district court's dismissal of their action and imposition of sanctions and costs against them. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

### A. *Evidentiary Rulings*

The district court did not abuse its discretion in limiting the scope of the bench trial to incidents alleged to have occurred on August 9, 1996; September 11, 1996; and September 16, 2006. *See Payne v. Norwest Corp.*, 185 F.3d 1068, 1072 (9th Cir.1999) ("We review the district court's evidentiary rulings for an abuse of discretion and will not reverse unless prejudice is shown."). The Bissells failed to provide any evidence identifying individuals involved in incidents alleged to have occurred on other dates and therefore failed to demonstrate that evidence regarding those other incidents was relevant. *See* Fed.R.Evid. 401, 402.

The "Alert" purportedly issued by the United States Forest Service ("USFS"), the Fletcher "memorandum," and the proposed testimony regarding Kim West Deist's purported investigation of William Eisentraut, did not clearly or directly relate to the incidents that allegedly occurred on the three dates at issue at trial, and the Bissells did not make an offer of proof in relation to this evidence. Any error in excluding this evidence was not "plain" and does not warrant reversal. *See United States v. Bishop*, 291 F.3d 1100, 1108 (9th Cir.2002) ("In the absence of an offer of proof, ... reversal will lie only where there is plain error.").

The district court did not abuse its discretion in excluding the testimony of

ed by 9th Cir. R. 36–3.

Ernie Nunn because he did not have personal knowledge relating to the incidents at issue at trial, *see* Fed.R.Evid. 602, and his proposed testimony regarding statements made to him by USFS personnel was inadmissible hearsay. *See* Fed. R.Evid. 802.

■ The Bissells did not attempt to offer the deposition testimony of Mark Rey and John Twiss as evidence during trial and therefore did not preserve their right to raise on appeal their argument that the deposition testimony should have been admitted as nonhearsay under Federal Rule of Evidence 801(d)(2). *See Pau v. Yosemite Park & Curry Co.*, 928 F.2d 880, 887 (9th Cir.1991) ("The Paus must have attempted to introduce the evidence they claim was improperly excluded to preserve their right to appeal.").

■ The district court's exclusion of the testimony of Dr. Suzanne Daniell was not prejudicial, and thus does not warrant reversal, because the Bissells failed to prove that they were entitled to recover damages. *See Payne*, 185 F.3d at 1072 (reversal available only where prejudice is shown).

### B. *Dismissal of FTCA claims*

■ The Bissells presented no evidence, and therefore failed to prove, that either Deist or West Deist, if present on the Bissells' property at the times and dates at issue, was acting within the scope of his or her employment with the USFS. The district court's dismissal of the Bissells' claims under the Federal Tort Claims Act was therefore proper. *See* 28 U.S.C. § 1346(b)(1) (requiring wrongful act or omission to be committed by an employee or officer of the United States "while acting within the scope of his office or employment. . . .").

### C. *Imposition of Sanctions*

■■ The district court did not abuse its discretion in imposing monetary sanctions against the Bissells for abuse of the discovery process. *See Detabali v. St. Luke's Hosp.*, 482 F.3d 1199, 1203 (9th Cir.2007) (Rule 11 sanctions); *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997) (Rule 37 sanctions). The district court warned the Bissells that it would impose sanctions against them if the depositions of Rey and Twiss did not result in evidence relevant to the issues at trial, and provided reasons sufficient to support its imposition of sanctions. Further, the district court was not required to find bad faith before it could impose *monetary* sanctions. *Cf. Payne*, 121 F.3d at 507 ("Where the drastic sanctions of dismissal or default are imposed, however, the range of [the district court's] discretion is narrowed and the losing party's noncompliance must be due to willfulness, fault, or bad faith.").

### D. *Award of costs*

■ The Bissells did not move the district court for review of the award of costs under Federal Rule of Civil Procedure 54(d)(1) and therefore have waived their right to challenge the cost award. *See Walker v. California*, 200 F.3d 624, 626 (9th Cir.1999).

AFFIRMED.