2012 OK CIV APP 34

**In re the Marriage of Shanon Elizabeth BUCKINGHAM, Petitioner/Appellee,**

v.

**Michael Aaron BUCKINGHAM, Respondent/Appellant.**

No. 109,173.

Court of Civil Appeals of Oklahoma, Division No. 1.

Feb. 24, 2012.

Charles L. Broadway, Gary W. Gardenhire, Norman, Oklahoma, for Respondent/Appellant.

KENNETH L. BUETTNER, Presiding Judge.

¶ 1 Respondent/Appellant Michael Aaron Buckingham (Husband) appeals from the trial court's order awarding Petitioner/Appellee Shanon Elizabeth Buckingham (Wife) attorney fees arising out of contempt proceedings against him. Husband argues that Wife is not entitled to attorney fees related to enforcing the temporary order in their dissolution of marriage action. We hold that 43 O.S.Supp.2009 § 110(E) authorizes awarding attorney fees related to the enforcement of a temporary order. We affirm.

¶ 2 Wife filed a petition for marital dissolution August 18, 2009. The assigned judge issued a temporary order March 22, 2010. Wife filed an application for contempt April 5, 2010, alleging Husband violated the temporary order by failing to pay child support and failing to make car payments.[1] Husband requested a jury trial, and the contempt matter was assigned to another judge. The contempt citation was tried June 16–17, 2010, while the trial on the merits of the divorce was still pending. Husband was found guilty of contempt for failing to make car payments and not guilty of contempt regarding child support payments.

---

1.  "Any order pertaining to the division of property pursuant to a divorce or separate maintenance action, if willfully disobeyed, may be enforced as an indirect contempt of court." 43 O.S. § 111.

¶3 On July 21, 2010, after the contempt trial but before the scheduled trial on the merits, Wife filed a motion for temporary attorney fees pursuant to 43 O.S. § 110(B). The trial court ordered the motion for temporary attorney fees be held in abeyance until the merits hearing. On September 23, 2010, Wife filed a Motion to Assess Contempt Attorney Fees. Wife amended her motion October 7, 2010. The assigned judge referred the motion to the judge who conducted the contempt trial. The contempt trial judge heard evidence and argument on the motion December 17, 2010. Husband argued that no statutory authority existed for an award of attorney fees to enforce a domestic temporary order. The court took the matter under advisement. While the contempt court's ruling on the motion for attorney fees was pending, the divorce proceeded to trial. The trial court granted the decree of divorce December 30, 2010. On January 11, 2011, the contempt court granted Wife's motion and awarded her contempt-related attorney fees in the amount of $6,112.13.[2]

¶4 The sole issue raised on appeal is whether the trial court had statutory authority to award Wife attorney fees for the enforcement of the temporary order through a contempt citation. This presents a question of law subject to *de novo* review. *L. Environmental Service, Inc. v. United Motors, Inc.,* 2006 OK CIV APP 49, ¶4, 134 P.3d 928, 929.

¶5 Husband argues that Wife is not entitled to attorney fees for the enforcement of the temporary order under 43 O.S. § 110(B), (D), or (E). Husband asserts that only § 110(B) could possibly apply at the pre-decree or temporary order stage, and § 110(B) does not provide a statutory basis for awarding Wife prevailing party attorney fees related to the contempt proceeding.

¶6 Title 43, section 110 of the Oklahoma Statutes allows for attorney fees at the temporary order stage, as part of the divorce decree, and after the decree of divorce is entered. After a petition has been filed in an action for dissolution of marriage or legal separation, either party may request the court to issue a temporary order regarding attorney fees. 43 O.S. § 110(B)(1)(e). Upon granting a decree of dissolution of marriage, the court may require either party to pay such reasonable expenses of the other as may be just and proper under the circumstances. 43 O.S. § 110(D). Furthermore, § 110(E) allows for additional orders awarding attorney fees:

> The court may in its discretion make additional orders relative to the expenses of any such subsequent actions, including but not limited to writs of habeas corpus, brought by the parties or their attorneys, for the enforcement or modification of any interlocutory or final orders in the dissolution of marriage action made for the benefit of either party or their respective attorneys.

43 O.S. § 110(E). Section 110(E) provides for an award of attorney fees related to "the enforcement or modification of any interlocutory or final orders in the dissolution of marriage action." A temporary order in a dissolution of marriage action is an interlocutory order. Wife filed the application for contempt citation in order to enforce the temporary order. We hold that § 110(E) authorizes an award of attorney fees related to the enforcement of the temporary order. Holding that attorney fees are allowed at every stage of a divorce, except the enforcement of a temporary order, would create an absurd result. As a result, we read "subsequent actions" in § 110(E) as referring to actions subsequent to the filing of the petition for dissolution of marriage, including actions to enforce temporary orders. After *de novo* review, we affirm the trial court's award of contempt-related attorney fees to Wife.

¶7 AFFIRMED.

JOPLIN, V.C.J., and BELL, J. (sitting by designation), concur.

**2.** The trial court found that because the jury returned a not guilty verdict on the issue of nonpayment of child support, Husband was entitled to an off-set and reduction from the total value of attorney fees by fifty percent.