**WOODS PETROLEUM CORPORATION, et al., Appellees,**

v.

**DELHI GAS PIPELINE CORPORATION, Appellant.**

**No. 57398.**

Supreme Court of Oklahoma.

Dec. 26, 1984.

As Amended Jan. 18, 1985.

Rehearing Denied May 29, 1985.

Alma Wilson, J., concurred in result.

Kauger, J., dissented.

Robert H. Gilliland, Jr., Kenneth L. Buettner, McAfee & Taft, Oklahoma City, for appellees.

Thomas T. Rogers, John M. Kyser, Lynch, Chappell, Allday & Alsup, Austin, Tex., for appellant.

LAVENDER, Justice:

Noting that the Court of Appeals, Division Number 4, has rendered a decision in the case at bar (54 O.B.J. 1075) which is in conflict with the decision of another division of the Court of Appeals, Division Number 2, in the case of *National Livestock Credit Corp. v. Schultz,* Okl.App., 653 P.2d 1243 (1982) on the question of whether an award of attorney fees to the

prevailing party under 12 O.S.Supp.1979 § 940(A) is limited to actions for the *physical* negligent or willful injury to property, we grant certiorari for the sole purpose of reviewing the award by the trial court of attorney fees to appellee/defendant below (Woods) as the prevailing party against appellant/plaintiff below (Delhi) within the meaning of § 940(A). That portion of the opinion of the Court of Appeals, Division Number 4, beginning with "VI" is withdrawn and the following substituted therefor. All other portions of the opinion of the Court of Appeals are left undisturbed.

Delhi urges that the trial court erred in awarding Woods attorney fees as the prevailing party in its action against Delhi pursuant to 12 O.S.Supp.1979 § 940(A), for the reason that the negligence of Delhi which resulted in judgment for the plaintiff did not constitute "negligent or willful injury to property" within the contemplation of that section.

Section 940(A) in pertinent part, provides:

"A. In any civil action to recover damages for the negligent or willful injury to property ..., the prevailing party shall be allowed reasonable attorney's fees."

It is undisputed that Delhi contracted to purchase all of the gas produced from a specified well belonging to Woods which entered Delhi's gas line at a specified price per Mcf for gas delivered. Delhi owned and controlled the differential pressure flow meter which by inferential calculations measured the flow of gas, on the basis of which the purchase price was calculated. Delivery of the gas was at the meter. An integral part of the meter was an orifice plate containing a perforation of a prescribed size which constricted the gas flow. By measuring the difference in the gas pressure on either side of the plate in an otherwise controlled atmosphere, a mathematical calculation of the gas delivered could be made.

One of the theories on which the case was tried was that an orifice plate with a larger aperture was substituted, and that Delhi negligently caused a miscalculation of the gas sold to the detriment of Woods. Jury verdict and judgment on the negligence theory resulted, making Woods the prevailing party.

Delhi urges that the words "negligent or willful injury to property" within the contemplation of § 940(A) encompasses only *physical* injury to property. On the other hand, Woods argues that the words are to be construed to include *damage to property rights*. The cardinal rule for construction of statutes is to ascertain the intention of the legislature by consideration of the statutory language. *Grand River Dam Authority v. State*, Okl., 645 P.2d 1011 (1982).

If by the enactment of § 940(A) the Legislature intended to encompass property *rights*, then by that single stroke, the Legislature would have superceded, and to the extent that they are inconsistent, have repealed a veritable plethora of previously enacted statutes pertaining to recovery of attorney fees along with the case law extant as to their meaning and construction.[1]

When used in its broadest sense, the word "property" includes every invasion of one's property rights by actionable wrong. *Wells Labberton v. General Casualty Co. of America*, 53 Wash.2d 180, 332 P.2d 250 (1958); 63 Am Jur 2d Property § 4. The outer reaches of the word "property" in its broadest sense were embraced in *State v. Sandfer*, 93 Ok.Cr. 228, 226 P.2d 438 (1951). There the pin ball operator activat-

---

1. 12 O.S.1981 §§ 936, 937, 939; 42 O.S.1981 §§ 176, 147; 18 O.S.1981 § 956; 12 O.S.1981 § 1276; 15 O.S.1981 § 810; 6 O.S.1981 § 207; 79 O.S.1981 § 102; 12 O.S. §§ 15, 18; 12A §§ 3–604, 3–106; 40 O.S.1981 § 197.9; 15 O.S.1981 § 761.1; 18 O.S.1981 §§ 1.161, 953; 2 O.S.1981 § 7–328; 58 O.S.1981 § 351; 12 O.S.1981 § 938; ·27 O.S.1981 § 11; 84 O.S.1981 § 275; 58 O.S. 1981 § 351; 12 O.S.1981 § 1148.9; 12 O.S.1981 § 938; 12 O.S.1981 § 1190; 15 O.S.1981 § 721; 21 O.S.1981 § 1836.2; 12 O.S.1981 § 1446; 12 O.S.1981 § 1515; 59 O.S.1981 § 1512; 16 O.S. 1981 § 79; 66 O.S.1981 § 91; 71 O.S.1981 § 408; 12 O.S.1981 § 1764; 70 O.S.1981 § 4314; 21 O.S.1981 § 1523; 68 O.S.1981 § 343; 21 O.S. 1981 § 866; 36 O.S.1981 § 1105; 79 O.S.1981 § 86; 15 O.S.1981 § 722; 16 O.S.1981 §§ 24, 25.

ed a pin ball machine by inserting a coin and releasing steel balls to strike at random a series of posts which caused the machine to light up a score. Upon thus attaining a certain score, the operator became entitled to a free game. It was there held that the right to a free game was "property" as being a property right.

On the other hand, legislative intent is many times manifested in the use of the word "property" in a more restrictive and limited sense. In *Oldfield v. City of Tulsa*, 170 Okl. 329, 41 P.2d 71 (1935), we held that the loss of anticipated business profits occasioned by temporary closing of a public way for the purpose of making improvements is not "property" within the meaning of Art. 2, § 24 of the Oklahoma Constitution prohibiting the taking of property without just compensation.

In ascertaining the meaning of the words "injury to property" as set forth in § 940(A), we do not find the case of *Bernstein v. N.V. Nederlandsche-Amerikaansche, etc.*, 76 F.Supp. 335 (D.C.N.Y. 1948) persuasive. The issue there was whether conversion constituted "injury to property" as the term was used in a specific statute pertaining to limitations of actions. There the court was persuaded by a New York statute (The General Construction Law) which defines "injury to property" as "an actionable act, whereby the estate of another is lessened, other than a personal injury, or the breach of a contract." There, the federal court, in construing the New York statute, concluded that total loss of property (through conversion) "lessened the estate" within the meaning of the statutory definition, and therefore, a conversion of property constituted an "injury to property" as contemplated by the limitations statute. No such statutory enlightenment is present in the Oklahoma statutes (see Definition of Property, 60 O.S.1981 §§ 1 through 9, and 25 O.S.1981 § 26).

If the Legislature had intended by the enactment of § 940(A) to supercede, and to the extent that § 940(A) is inconsistent, to repeal all prior enactments pertaining to recovery of attorney fees, we believe such an avulsive pronouncement would have been made in clear and unequivocal terms.

■ Repeal of statutes by implication are not favored and all statutory provisions must be given effect, if possible; unless the conflict so demonstrated is irreconcilable, the earlier provision will not be deemed to be repealed by the later enactment. *City of Sand Springs v. Dept. of Pub. Wel.*, Okl., 608 P.2d 1139, 1151 (1980); *Oklahoma Ed. Ass'n, Inc. v. Nigh*, Okl., 642 P.2d 230 (1982).

■ We therefore hold that attorney fees recoverable under the provisions of 12 O.S.Supp.1979 § 940(A) by the prevailing party contemplate only those actions for damages for the negligent or willful *physical* injury to property.

■ The award by the trial court of attorney fees to the plaintiff is reversed. The judgment of the trial court entered pursuant to the jury verdict and the ruling of the trial court overruling plaintiff's motion for new trial are affirmed.

BARNES, C.J., SIMMS, V.C.J. and HODGES, DOOLIN, HARGRAVE and OPALA, JJ., concur.

ALMA WILSON, J., concurs in result.

KAUGER, J., dissents.