Donald L. SCHAEFFER and Jo Ann
Schaeffer, Husband and Wife,
Appellants,

v.

Cecil SHAEFFER, an
individual, Appellee.

No. 57337.

Supreme Court of Oklahoma.

April 28, 1987.

Rehearing Denied Oct. 7, 1987.

Mack Muratet Braly, Braly & McEachin, Tulsa, for appellants.

C. Jack Maner, C. Jack Maner, P.C., Tulsa, for appellee.

HARGRAVE, Vice Chief Justice.

The issue brought up for resolution by a Writ of Certiorari to the Court of Appeals, Division I, in this cause is the propriety of an award of attorney's fees pursuant to 12 O.S.1981 § 940(A) in an action to recover damages suffered by reason of maintenance of a nuisance.

The appellants, Donald L. Schaeffer and Jo Ann Schaeffer, prevailed in their action against Cecil Shaeffer in which they sought recovery of damages incurred by reason of the construction by the defendant, appellee, of an open sewage lagoon on property adjacent to the plaintiffs. Plaintiffs prevailed and received an alternative judgment of damages in the amount of $29,500 or the removal of the lagoon. The defendant removed the nuisance and the judgment is in all respects final.

The appellants had made a timely request for attorney's fees and costs, which was denied by the trial court. These fees, to be taxed as costs, were requested under authority of 12 O.S.1981 § 940(A), providing as follows:

"In any civil action to recover damages for the negligent or willful injury to property and any other incidental costs related to such action, the prevailing party shall be allowed reasonable attorney's fees, court costs and interest to be set by the court and to be taxed and collected as other costs of the action."

The Court of Appeals determined this nuisance action to be a civil action to recover damages for the negligent or willful injury to property within the intended scope of the statute, affirming the trial court.

The trial court's ruling found that the construction of the sewage lagoon was a legalized nuisance, or a "nuisance per accidens" in compliance with applicable regulations. The trial court found the lagoon gave rise to damages for injury done to property of the homeowner, citing *E.I. DuPont de Nemours Power Co. v. Dodson*, 49 Okl. 58, 150 P. 1085 (1915). The trial court granted the successful parties' motion for costs of the action but denied the attorney's fee request.

The Court of Appeals found the statute contemplated attorney's fees for physical damage to real or personal property. After certiorari was granted this Court issued its opinion in *Woods Petroleum Corp. v. Delhi Gas Pipeline Corp.*, 700 P.2d 1011 (Okl.1985). There this Court stated that under the provisions of 12 O.S.1981 § 940(A) attorney's fees are recoverable only in those actions for damages for negligent or willful physical injury to property. In that case the pipeline company was paying for gas by calculating the gas delivered on the basis of calculations of a specific size orifice plate and pressure of gas on either side of it. In actuality the orifice plate installed was different than that used in the calculations, resulting in what amounted to a conversion of gas—the purchaser took more gas than it paid for. The court disapproved of plaintiff's contention that the wording of the statute included any damage to property rights in its broad sense.

Here the plaintiffs showed that the sewage lagoon was within 100 feet of their water well and would damage by contamination of their only water source. The defendants further alleged the noxious fumes and other traits associated with an open sewage lagoon would damage their property. Here there is a substantial claim of damage to the property itself, and not to the more tenuous rights in property found not to be within the ambit of 12 O.S.1981 § 940 in *Woods Petroleum Corp., supra.* Here the resultant damage is the result of the trespass of unpalatable organic vapors onto plaintiffs' land, and the trespass of unsanitary fluids into the plaitniffs' land in the vicinity of plaintiffs' water well. Here the Court is presented with actual injury to the real property itself, and not the broader field of rights in property found to be outside the ambit of § 940 in *Woods Petroleum Corp., supra.*

**1040**

The statute provides "... the prevailing party *shall* be allowed reasonable attorney's fees ..." (emphasis added) This Court is committed to the fact that the word "shall" connotes a mandatory duty when it is utilized in a statute. *T.I.B. Corp. v. Edmondson,* 630 P.2d 1296 (Okl. 1981). The trial court plainly found appellants' property damaged in the amount of $29,500 and required defendant to either reimburse plaintiffs for this injury or to remove the cause thereof, thus the *factum* of damage is established by the judgment. Since this statute states these fees shall be awarded in any, meaning all, civil actions the sole remaining inquiry revolves around whether this civil action is one to recover damage for the negligent or willful injury to property. This judgment conforms with applicable Oklahoma authority, an example of which is *Gulf Oil Corp. v. A.L. Hughes,* 371 P.2d 81 (Okl.1962). The second syllabus of the Court in that case reads as follows:

> "An unreasonable interference with the owner's peaceful occupancy and enjoyment of his premises by the operation of a nearby business, though such operation may be authorized by law, constitutes the taking of or damage to the premises within the meaning of Section 23, Article 2, of the Constitution, O.S.1941, and the aggrieved party may recover as for a private nuisance."

The sole remaining requirement to be met before § 940(A) comes to bear upon this cause is the requirement of a civil action to recover for negligent or willful injury to property. This Court is bound to liberally construe statutes in derogation of the common law so as to effect legislative object and promote justice. 25 O.S.1981 § 29. Attorney's fees were not awardable at common law for the use and benefit of the prevailing party. Construing the word "willfully" liberally, or in its broadest sense, willfully denotes an action proceeding from a conscious motion of the will. When the word is utilized in statutes involving turpitude, it generally means with evil purpose, criminal intent, or the like, but it is often used without that implication in statutes denouncing acts not in themselves wrong.

In such cases the word denotes that which is intentional, knowing or voluntary as distinguished from accidental, and characterizes conduct marked by careless disregard, whether or not one has the right to so act. *United States v. Illinois Central Ry. Co.,* 303 U.S. 239, 58 S.Ct. 533, 82 L.Ed. 773 (1938). Utilizing this broad definition of the willful requirement it is seen that the sewage lagoon was created willfully in that it was created intentionally, as distinguished from accidentally.

Thus it is concluded that the appellant's motion to assess attorney's fees in this action as the prevailing party in an action to recover for damages for injury to property was incorrectly denied. The trial court's denial of the motion is reversed and the cause is remanded to the trial court for the purpose of assessing a reasonable attorney's fee to be taxed as costs.

OPINION OF THE COURT OF APPEALS VACATED; JUDGMENT OF THE TRIAL COURT REVERSED; CAUSE REMANDED WITH DIRECTIONS.

DOOLIN, C.J., and HODGES, LAVENDER, OPALA and ALMA WILSON, JJ., concur.

KAUGER, J., concurs by reason of stare decisis.

SUMMERS, J., concurs in result.

SIMMS, J., dissents.