**TURNER ROOFING & SHEET METAL, INC., Appellee,**

v.

**Thomas STAPLETON and Sandra Stapleton, Appellants.**

**No. 79895.**

Supreme Court of Oklahoma.

April 12, 1994.

---

Tracy W. Robinett, Frank R. Patton, Jr., Patton, Brown, Tulsa, for appellee.

J.L. Franks, Frasier & Frasier, Tulsa, for appellants.

LAVENDER, Vice Chief Justice.

We decide in this case whether the prevailing party in a slander of title action is entitled to appeal related attorney fees under 12 O.S.1991, § 940(A). We hold in the negative because § 940(A) is limited to actions which involve the negligent or willful **physical** inju-

ry to property and a slander of title action does not involve physical injury to property.

After the Court of Appeals affirmed a trial court dismissal of a slander of title counterclaim brought by appellants, Thomas Stapleton and Sandra Stapleton against appellee, Turner Roofing & Sheet Metal, Inc., appellee moved for an award of appeal related attorney fees for defending against appellants' appeal. The Court of Appeals denied the motion. Appellee sought certiorari arguing § 940(A) provides a vehicle allowing attorney fees to the prevailing party in a slander of title action. We previously granted certiorari in view of a conflict between the decision in *McDowell v. Glasscock,* 672 P.2d 682 (Okla. App.Div. 2, 1983) and the order in this case and our previous decision in *Woods Petroleum v. Delhi Gas Pipeline Corp.,* 700 P.2d 1011 (Okla.1984).[1]

Section 940(A) provides:

In any civil action to recover damages for the negligent or willful injury to property and any other incidental costs related to such action, the prevailing party shall be allowed` reasonable attorney's fees, court costs and interest to be set by the court and to be taxed and collected as other costs of the action.

In *Woods* we held attorney fees recoverable under § 940(A) by the prevailing party contemplate only those actions for damages for the negligent or willful **physical** injury to property. 700 P.2d at 1013. *Woods* involved the negligent miscalculation of gas by the buyer causing economic detriment to the sell-

---

1. The **only** matter before us for review is the order of the Court of Appeals denying the motion of appellee for appeal related attorney fees. In their response to appellee's petition for writ of certiorari appellants seek review of the **trial court's** award of attorney fees to appellee under § 940(A) for **trial court** work performed in defending the slander of title counterclaim. Such issue is not properly before us. Appellants timely appealed the trial court judgment of June 17, 1992, which finally disposed of all matters involved in this case, **except** issues concerning attorney fees, which were reserved for future hearing. A trial court judgment was entered on the attorney fee issues on September 16, 1992. No amendment to the petition in error has ever been filed in this appeal which challenges the trial court award of attorney fees to appellee as required by Rule 1.17(a)of the Rules of Appellate Procedure in Civil Cases, 12 O.S.1991, Ch. 15, App. 2. Under Rule 1.17(a) appellants had thirty (30) days to file such an amended petition in error to challenge the attorney fee judgment. Thus, no issue in regard to the trial court's award of attorney fees has ever been the subject of a petition in error or amendment thereto in this appeal nor was such an issue presented by appellants in their April 7, 1993 Brief in Chief of Appellant (sic) (no reply brief was submitted by appellants). The issue has, thus, not been preserved for appellate review. *Kirschstein v. Haynes,* 788 P.2d 941, 955 (Okla.1990) (failure to raise an issue of error in the petition in error is fatal to its consideration on appeal); *DLB Energy Corp. v. Oklahoma Corp. Com'n,* 805 P.2d 657, 659 f.n. 6 (Okla.1991) (issues not briefed are waived).

er. We expressly rejected the view § 940(A) was to be construed to include damage to property rights, as opposed to physical injury. *Woods, supra,* 700 P.2d at 1012–1013. We reiterated our holding in *Woods* in *Schaeffer v. Shaeffer,* 743 P.2d 1038 (Okla. 1987), where we upheld the application of § 940(A) in a nuisance action involving a sewage lagoon because the damage sued for was the result of unpalatable organic vapors reaching plaintiffs' land, and unsanitary fluids into plaintiffs' land in the vicinity of a water well, i.e. physical damage to property. *Schaeffer, supra,* 743 P.2d at 1039.[2]

Division 2 of the Court of Appeals has also ruled § 940(A) is restricted to actions seeking damages for the physical injury to tangible property and that the provision does not apply to an action in tort for conversion. *National Livestock Credit Corp. v. Schultz,* 653 P.2d 1243, 1248 (Okla.App.Div. 2, 1982). Division 3 of the Court of Appeals likewise rejected the application of § 940(A) to conversion actions. *Pelican Production Corporation v. Wishbone Oil & Gas, Inc.,* 746 P.2d 209, 212–213 (Okla.App.Div. 3, 1987).

In contrast to *Woods* and the other cases cited above, the same division of the Court of Appeals that decided *Schultz* ruled in *McDowell, supra,* that § 940(A) did apply to any disparagement or slander of title action because they determined a slander to the title of real property was an injury to the property itself. *McDowell, supra,* 672 P.2d at 685. We reject such a view.

As we noted in *Woods, supra,* "in its broadest sense, the word 'property' includes every invasion of one's property rights by actionable wrong". 700 P.2d at 1012. Although recognizing this, we held in *Woods* that the Legislature **did not** intend to give the word property as it was used in § 940(A) such a broad sweep because to do so would have superseded a virtual plethora of previously enacted statutes pertaining to the recovery of attorney fees. *Woods, supra,* 700 P.2d at 1012. We instead interpreted legislative intent in *Woods* to be that the provision

was to be limited to actions where there was a physical injury to property, rather than merely some damage to intangible property rights. Since § 940(A) was enacted in 1979 it has remained unchanged to the present day. We, thus, adhere to our decision in *Woods* and reiterate § 940(A) applies only to those actions for damages for the negligent or willful physical injury to property.

A slander of title action does not involve physical injury to property. Instead, it involves a false and malicious statement, oral or written, made in disparagement of a person's title to real or personal property. *Local Federal S. & L. Ass'n of Oklahoma City v. Sickles,* 196 Okla. 395, 165 P.2d 328, Second Syllabus (1945); *Ward v. Mid–West & Gulf Co.,* 97 Okla. 252, 223 P. 170, 171 (1923). Accordingly, *McDowell, supra,* was wrong in applying § 940(A) in a slander of title suit and we expressly overrule *McDowell* to the extent its holding concerning § 940(A) is inconsistent with our ruling here and in *Woods.*

The Court of Appeals' order denying appellee's motion for appeal related attorney fees is **AFFIRMED.**

HODGES, C.J., LAVENDER, V.C.J., and SIMMS, HARGRAVE, OPALA, ALMA WILSON and SUMMERS, JJ., concur.

WATT, J., concurs by reason of stare decisis.

KAUGER, J., dissents.

---

2. We note the United States Court of Appeals for the Tenth Circuit has applied § 940(A) in a case concerning physical damage to oil and gas lease properties caused by a defective installed packer which became stuck in a well. *Marino v. Otis Engineering Corporation,* 839 F.2d 1404, 1412 (10th Cir.1988).