Dear Executive Director Campbell,
¶ 0 This office has received your request for an Attorney General Opinion. You have asked, in effect, the following questions:
1. Does the Board of Dentistry have authority to consider arequest to modify an agreed final order over a year after it wasentered?
 2. If the answer to the first question is yes, can the presentBoard of Dentistry consider the request, or must the request beconsidered by the pro tempore board which adopted the agreedorder?
¶ 1 The original complaint which is the focus of this question was filed in 1992. After numerous delays it was determined the sitting Board of Dentistry was unable to hear the matter due to bias. The Governor appointed a pro tempore board to hear the complaint. Before the hearing, an agreed order was reached. The agreed order was approved as to both form and substance, and signed by respondent, as well as the chair of the pro tempore board, in August 1996. Respondent has now approached the board, desiring to modify the agreed order.
¶ 2 Generally, an agency may have such implied powers as may be necessary to efficiently exercise powers which are expressly granted by statute; however, an agency created by statute may only exercise the powers granted to it by statute, and cannot expand those powers by its own authority. City of Hugo v. Stateex rel. Public Employees Relations Board, 886 P.2d 485, 492
(Okla. 1994).
¶ 3 The Oklahoma Supreme Court has recognized that an agency has implied power and authority to entertain an application for rehearing, and the power to set aside its order and enter another order. Southwestern Bell Telephone Company v. State,71 P.2d 747, 750 (Okla. 1937) (dealing with powers of the Corporation Commission). However, the Court also recognized that such a request and rehearing should be made "within a reasonable time" after the order has been issued. Id. See also Civil AeronauticsBoard v. Delta Air Lines, 367 U.S. 316, 321-22 (1961) (noting the presence of two opposing policies — desirability of finality and public interest in reaching the correct result — which are in tension; further noting that as a result of this tension it may become necessary to reach a compromise in each case, but adding that the agency was "entirely a creature of Congress and the determinative question is not what the Board thinks it should do but what Congress has said it can do.").
¶ 4 The question then becomes what is a "reasonable" time period. That question has been answered by statutory measures enacted by the Oklahoma Legislature since the Southwestern Bell
case was handed down in 1937.
¶ 5 Hearings before the Board of Dentistry, and appeals therefrom, are governed by Article II of the Administrative Procedures Act. 75 O.S. 1991 and Supp. 1998, §§ 308a through 323; 59 O.S. Supp. 1998, §§ 328.43a(D) and 328.44a. Included in the Administrative Procedures Act (hereinafter "APA") is a provision for rehearing, reopening or reconsideration. 75 O.S.Supp. 1998, § 317[75-317](A). To avail oneself of such review, a request "shall" be made by an aggrieved party "within ten (10) days from the date of the entry of such final agency order." The scope of review within this 10-day period is limited to five grounds: (1) Newly discovered/available evidence relevant to the issues before the board or agency; (2) the need for additional evidence to adequately develop the facts necessary to a proper decision; (3) probable error committed by the board or agency in the proceeding or in its decision that would be grounds for reversal on judicial review; (4) a need for further consideration of the issues and evidence in the public interest; or (5) a showing that issues not previously considered ought to be examined in order to dispose of the matter properly. 75 O.S. Supp. 1998, § 317[75-317](A). The word "shall" connotes a mandatory duty when it is utilized in a statute, Schaeffer v. Shaeffer, 743 P.2d 1038, 1040 (Okla. 1987), unless a contrary legislative intent is plainly apparent,Citicorp Savings and Trust Company v. Banking Board,704 P.2d 490, 493 (Okla. 1985). By the use of the word "shall," the Legislature has mandated what constitutes a "reasonable" amount of time under the APA, and what grounds can be considered within that "reasonable" time.
¶ 6 The 10-day limitation is qualified to some extent. The statute recognizes that statutory provisions for specific agencies may allow for rehearing, reopening or reconsideration of a matter by such agencies outside that 10-day window. It also states that nothing shall prevent rehearing, reopening or reconsideration of a matter "at any time, on the ground of fraud practiced by the prevailing party or of procurement of the order by perjured testimony or fictitious evidence." 75 O.S.Supp. 1998, § 317[75-317](C) (emphasis added).
¶ 7 This holding is consistent with other authorities on the subject. See Delta Air Lines, 367 U.S. at 329 ("we are not deciding that the Board is barred from reconsidering its initial decision. All we hold is that, if the Board wishes to do so, it must proceed in the manner authorized by statute."). See alsoINS v. Doherty, 502 U.S. 314, 323 (1992) (interpreting statutes dealing with immigration, Court noted that while granting a motion to reopen a case is discretionary, such motions are disfavored for the same reasons as are petitions for rehearing and motions for a new trial on the basis of newly discovered evidence.); American Trucking Association v. Frisco,358 U.S. 133, 146 (1958) (agency has the power to correct inadvertent errors in its decision, but that power "may not be used as a guise for changing previous decisions because the wisdom of those decisions appears doubtful in the light of changing policies"); Maurice H. Merrill, Oklahoma's New Administrative ProcedureAct, 17 Okla. L. Rev. 1, 38-39 (1964) (noting that under the Oklahoma APA, provisions governing rehearing were unique, and that in light of the enumerated grounds for rehearing, "the 10 day limitation seems rather short.");[1] 73A C.J.S. PublicAdministrative Law and Procedure § 161 (1983) (noting jurisdictions which have held that, in the absence of statutory authority, an agency has no authority to grant a rehearing, particularly where the agency action is quasi-judicial and the statute provides, as does Oklahoma, for appellate review in the court system); 2 Am. Jur. 2d Administrative Law § 393 (1994) (cases holding petition for rehearing must comply with statutory time limits for filing).
¶ 8 Therefore, under the Oklahoma APA, the time and grounds available for rehearing, reopening or reconsideration of an order are extremely limited. A request for reconsideration of a final order over a year after the final order is handed down is not a timely request; and since there is a lack of statutory authority to extend that time in the Board of Dentistry statutes, the agency does not have authority to reconsider the order. In light of this answer, it becomes unnecessary to answer your second question.
¶ 9 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Under 75 O.S. Supp. 1998, § 317[75-317], of the OklahomaAdministrative Procedures Act, and in the absence of specificauthority in its own statutes granting additional time, the Boardof Dentistry lacks authority to reconsider a final order unless arequest to rehear, reopen or reconsider the final order is madewithin 10 days of its entry. The Board can reconsider a finalorder at any time on the grounds of fraud by the prevailing partyor of procurement of the order by perjured testimony orfictitious evidence.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DAN CONNALLY ASSISTANT ATTORNEY GENERAL
[1] There is one case from the Oklahoma Court of Civil Appeals in which a final order was revised after the 10-day period. SeeOklahoma State Board of Medical Licensure and Supervision v.Migliaccio, 917 P.2d 483, 486 (Okla.Ct.App. 1996) (dealing with the Open Records Act). In that case, a disciplined doctor asked for reconsideration the same day the final order was entered, then again nearly a year later, after convictions which formed the basis of the disciplinary action were reversed. However, the issue of the agency's jurisdiction was apparently neither briefed nor argued and was not raised at any stage of the proceedings. The issue was therefore not before the Court, and the Court therefore did not address it.