1999 OK CIV APP 113

**Edmond STITES, Plaintiff/Appellant,**

v.

**DUIT CONSTRUCTION COMPANY, INC., Defendant/Appellee.[1]**

**No. 92,082.**

Court of Civil Appeals of Oklahoma, Division 1.

Aug. 13, 1999.

Certiorari Denied Nov. 10, 1999.

---

1. In the trial court, two cases were consolidated. Edmond Stites was the plaintiff in the lower numbered case and the defendant in the higher numbered case. Similarly, Duit Construction Company, Inc. was the defendant in the lower numbered case and the plaintiff in the. higher numbered case. We use the style from the case filed first.

Thomas W. Condit, Law Offices of Harry Scoufos, P.C., Sallisaw, Lawrence L. Dickerson, Jr., Poteau, for Plaintiff/Appellant.

William K. Orendorff, Sallisaw, Stratton Taylor, Bradley H. Mallett, Claremore, for Defendant/Appellee.

## OPINION

ADAMS, Judge.

¶ 1 Edmond Stites appeals a trial court order which denied his request for attorney fees pursuant to 12 O.S.1991 § 940(A)[2] and also awarded costs to Duit Construction Company, Inc., on its claims for restitution.[3] Stites does not challenge the amount of costs awarded, and in considering his appeal we are therefore confronted with two questions of law: (1) Did Stites prevail in a civil action to recover damages for negligent or willful

injury to property as required by § 940(A); and (2) Can Duit be considered a prevailing party on its restitution claim where its judgment against Stites on that claim was ultimately offset by the trial court against the judgment rendered in favor of Stites against Duit with the net result being Duit owed Stites money? We answer the first question in the negative and the second in the positive and therefore affirm the trial court's order.

## FACTS

¶ 2 In 1989, Duit began paving work on a portion of Interstate 40 in Sequoyah County, Oklahoma under a contract with the Oklahoma Department of Transportation (ODOT). During the project, Duit used water from a pit located on Stites' property. Duit did not pay Stites for the water and subsequently refused Stites' demand for payment. Stites sued, alleging Duit was liable for trespass and conversion, seeking recovery for damages to his land and the value of the water removed by Duit.

¶ 3 After Duit failed to respond to Stites' request for admissions within the time allowed by 12 O.S.1991 § 3236, Stites moved for summary judgment. The trial court granted Stites' motion based on Duit's deemed admissions and Stites' uncontradicted assertion that Duit used between 30,000,000 and 50,000,000 gallons of water. The trial court granted Stites a judgment for $45,000, plus interest. After the judgment was filed, Stites filed and served a garnishment affidavit on Duit and ODOT. Stites eventually collected a total of $51,552.55 from ODOT.

¶ 4 On June 3, 1991, Duit filed a petition to vacate, alleging several procedural errors it contended constituted irregularities in securing the judgment. By an order filed September 25, 1991, the trial court granted the motion to vacate and ordered Stites to pay

---

2. According to this section, "[i]n any civil action to recover damages for the negligent or willful injury to property and any other incidental costs related to such action, the prevailing party shall be allowed reasonable attorney's fees, court costs and interest to be set by the court and to be taxed and collected as other costs of the action."

3. The trial court also awarded Stites his costs on his action for trespass and conversion. Obviously, Stites does not complain of this award, and Duit has not filed an appeal objecting to the award of costs to Stites or complaining about the trial court's denial of its request for attorney fees.

the money he had received from ODOT into court. Stites refused to do so, and Duit filed an application to compel payment of the funds. The trial court scheduled a hearing on the motion to compel payment and then continued it to a later date at Stites' request. The day after requesting the continuance, Stites dismissed his action against Duit. After Stites dismissed his case and still failed to restore the garnished funds as ordered, Duit sued Stites for restitution of the funds in a separate case. Stites filed an answer and counterclaim asserting trespass and conversion. The trial court consolidated both cases. On March 26, 1992, the trial court filed an order after a hearing on all pending motions in both cases. That order reaffirmed the trial court's earlier ruling and ordered Stites to comply with the restitution order within thirty days. Stites filed an appeal.

¶5 The Oklahoma Supreme Court dismissed Stites' appeal, concluding that Stites should have filed his appeal pursuant to 12 O.S.1991 § 952(b)(2) within thirty days after September 25, 1991, and *apparently* could not *at that time* challenge the merits of the trial court's order vacating the judgment. *Stites v. DUIT Construction Company, Inc.,* 1995 OK 69, 903 P.2d 293 (*Stites I*).[4]

¶6 After *Stites I*, Duit moved for summary judgment in its action for restitution, and the trial court sustained that motion, entering "judgment" for Duit against Stites in the amount of $51,552.55. The remaining issues proceeded to trial at which the trial court directed a verdict for Stites on his trespass claim for nominal damages in the amount of $1.00 and for liability on conversion, leaving the jury to determine the amount of damage on Stites' water conversion claim and the amount, if any, of punitive damages. The jury returned a verdict for

$50,000 actual damages and $50,000 punitive damages.

¶7 Judgment was filed on December 1, 1997, based upon the jury verdict and reciting the trial court's previous order granting Duit "judgment" against Stites. In the December judgment, the trial court offset Duit's restitution judgment against Stites' judgment based upon the jury verdict, with the net result that only Duit was required to pay any money. The trial court denied both parties prejudgment interest.

¶8 Both parties appealed, with Stites only arguing that the trial court erred in denying his request for prejudgment interest. Along with other alleged errors, Duit also argued prejudgment interest should have been added to its judgment because as of September 4, 1991, the date the trial court announced its decision on the motion to vacate and verbally ordered restitution, the amount of its damages was "certain, or capable of being made certain by calculation." *See* 23 O.S.1991 § 6. In response to this argument, Stites contended Duit was not entitled to prejudgment interest because there was never a judgment in Duit's favor upon which to predicate a claim for prejudgment interest.

¶9 At pages 20 and 21 of an unpublished opinion, *Stites v. Duit Construction Company, Inc.,* No. 90,598, Oklahoma Court of Civil Appeals, Division 2, (mandated July 22, 1999) (*Stites II*), the Court noted this argument and stated:

> [W]e disagree. Because Stites refused to pay the money into court, DUIT filed a petition in the second case seeking return of the funds. The court subsequently entered an interlocutory adjudication in the consolidated cases granting DUIT a judgment on its claim for $51,552.55. The filing of the journal entry of judgment on

---

4. We use the emphasized language because it is unclear from the opinion in *Stites I* whether the Court intended to conclude that the trial court order vacating the judgment was "final" in the sense that it became forever impervious to challenge or "final" in the sense that having missed his opportunity to file an interlocutory appeal under § 952(b)(2), Stites would have to await the entry of the final order or judgment in the case to challenge any error in the order vacating the earlier judgment. The latter interpretation is

more consistent with the final paragraph of 12 O.S.1991 § 952, "[t]he failure of a party to appeal from an order that is appealable under either subdivision 2 or 3 of subsection (b) of this section shall not preclude him from asserting error in the order after the judgment or final order is rendered." However, Stites did not raise any error in the order vacating his judgment when he appealed the judgment ultimately entered by the trial court after remand pursuant to *Stites I*.

December 1, 1997, resolving all the claims of all the parties, transformed the interlocutory adjudication into a judgment.

The Court affirmed the trial court's judgment in all respects, except the denial of Duit's request for prejudgment interest, and remanded the case with instructions to calculate Duit's prejudgment interest and offset that amount from the judgment granted Stites.

¶ 10   While *Stites II* was pending, the trial court considered both parties' applications for attorney fees and costs.[5]  The trial court denied the applications for attorney fees but awarded both parties their costs on the claims on which they had obtained judgment. This appeal followed.

## ATTORNEY FEES

■   ¶ 11   Stites argues he is entitled to recover attorney fees from Duit under § 940(A) because he prevailed in an action to recover for injury to property.   Section 940(A) is limited to actions to recover damages for *physical* injury to property.  *Woods Petroleum Corporation v. Delhi Gas Pipeline Corporation,* 1984 OK 94, 700 P.2d 1011. The Court further explained the *Woods* holding in *Turner Roofing & Sheet Metal, Inc. v. Stapleton,* 1994 OK 36, ¶ 3, 872 P.2d 926, 927–928.

In *Woods* we held attorney fees recoverable under § 940(A) by the prevailing party contemplate only those actions for damages for the negligent or willful **physical** injury to property.   700 P.2d at 1013. *Woods* involved the negligent miscalculation of gas by the buyer causing economic detriment to the seller.  We expressly rejected the view § 940(A) was to be construed to include damage to property rights, as opposed to physical injury. *Woods, supra,* 700 P.2d at 1012–1013. (Emphasis in original.)

In concluding § 940(A) did not encompass an action for slander of title, *Turner Roofing* cited with approval *National Livestock Credit Corp. v. Schultz,* 1982 OK CIV APP 38, 653 P.2d 1243, and *Pelican Production Corporation v. Wishbone Oil & Gas, Inc.,* 1987 OK CIV APP 74, 746 P.2d 209, both of which held § 940(A) did not apply to an action for conversion.

¶ 12   Stites argues these cases are inapplicable because he had an action for trespass, despite the fact that the trial court ruled he had not established the amount of any damages for trespass and awarded only nominal damages.  According to Stites, the trial court could just as easily have submitted the "water loss" damages to the jury on the trespass theory as on the conversion theory.  He says his right under § 940(A) to attorney fees should not depend on the "whim" of the trial court in electing which of two alternate theories to submit to the jury.  However, any error in the trial court's decision not to allow the jury to consider the value of the water taken from Stites' coal pit as damages on the trespass theory is beyond our review.  The trial court's judgment encompassing that issue is now final.

¶ 13   Stites recovered only nominal damages on the trespass theory, and therefore the judgment in that regard cannot be said to be for recovery for physical injury to property.  His judgment was for conversion, and § 940(A) does not apply in conversion actions.  The trial court correctly concluded Stites was not entitled to attorney fees under § 940(A).

## COSTS

■   ¶ 14   Stites argues Duit was not entitled to its costs relating to its restitution claim because it was not a prevailing party. According to Stites, there can be only one prevailing party in a case, and that party is the one with the "greatest affirmative judgment," citing *American Superior Feeds, Inc. v. Mason Warehouse, Inc.,* 1997 OK CIV APP 43, ¶ 6, 943 P.2d 171, 173.  *American Superior Feeds* based this conclusion on *Arkla Energy Resources v. Roye Realty and Developing, Inc.,* 9 F.3d 855 (10th Cir.1993), which in turn was based on *The Quapaw Company v. Varnell,* 1977 OK CIV APP 19, 566 P.2d 164.

¶ 15   This application of *Quapaw,* which concluded a defendant *who did not receive a judgment* could not be a prevailing party

---

**5.**  *See* 12 O.S.Supp.1997 § 696.4 and Okla.Sup.   Ct.R. 1.22(d).

where it prevailed on some but not all of the plaintiff's theories of recovery and the plaintiff received a judgment, is inconsistent with *Welling v. American Roofing and Sheet Metal Co., Inc.,* 1980 OK 131, 617 P.2d 206 and *Midwest Livestock Systems, Inc. v. Lashley,* 1998 OK 68, 967 P.2d 1197. In both cases, the Court concluded both parties who received affirmative judgments in their favor were entitled to attorney fees and costs. *Midwest Livestock Systems* specifically rejected the argument that the party with the greatest affirmative judgment was the only prevailing party.

¶ 16 Stites attempts to distinguish *Welling* and *Midwest Livestock Systems* by arguing that Duit never actually got a judgment because the trial court ultimately offset Duit's restitution recovery against the judgment Stites received against Duit. *Stites II* held Duit obtained a judgment upon the filing of the journal entry of judgment by which Stites claims his own judgment. Stites is not free to challenge that conclusion which has now become the "law of the case." *See Shoemaker v. Estate of Freeman,* 1998 OK 17, 967 P.2d 871. The action of the trial court in allowing Stites to offset his liability on Duit's judgment against Duit's liability to him on his judgment did not alter the reality of Duit's judgment. Duit was the prevailing party on its restitution action, and the trial court did not err in awarding Duit costs relating to that action.

## CONCLUSION

¶ 17 Stites was not entitled to attorney fees as part of his award of costs under 12 O.S.1991 § 940(A) because he was not the prevailing party on an action to recover damages for physical injury to property. As the prevailing party in its action for restitution, Duit was entitled to recover its costs in that action. The trial court's order so concluding is affirmed.

AFFIRMED.

HANSEN, P.J., and CARL B. JONES, C.J., concur.