OSCN Found Document:HALL v. DEARMON

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 HALL v. DEARMON
2015 OK CIV APP 40
Case Number: 112759
Decided: 04/03/2015
Mandate Issued: 05/07/2015
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2015 OK CIV APP 40, __ P.3d __

 

ELIZABETH HALL, 
Plaintiff/Appellee/Counter-Appellant,
v.
DORIS DEARMON, 
Defendant/Appellant/Counter-Appellee.

APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY, OKLAHOMA
HONORABLE MARTHA RUPP CARTER, JUDGE

AFFIRMED

Scott R. Hall, Scott R. Hall & Associates, P.L.L.C., Tulsa, Oklahoma, for 
Appellee/Counter-Appellant,
Greg D. Givens, Christopher T. Combs, Sheila R. 
Benson, Givens Law Firm, Oklahoma City, Oklahoma, for 
Appellant/Counter-Appellee.


Larry Joplin, Judge:
¶1 In the principal appeal, Defendant/Appellant/Counter-Appellee Doris 
Dearmon (Defendant) seeks review of the trial court's order granting attorney's 
fees and costs to Plaintiff/Appellee/Counter-Appellant Elizabeth Hall 
(Plaintiff) on motion of Plaintiff after Plaintiff accepted Defendant's offer to 
confess judgment. In the counter-appeal, Plaintiff asserts the trial court 
abused its discretion in awarding less than the amount of the attorney's fees 
and costs she sought.
¶2 The automobile owned and driven by Defendant collided with the automobile 
owned and driven by Plaintiff. Plaintiff commenced the instant action to recover 
damages for injury to her person and automobile. Defendant admitted the claim 
for damage to Plaintiff's car but denied Plaintiff's claim for damages for 
personal injury.
¶3 Defendant engaged an appraiser who estimated that the accident resulted in 
the diminished value of Plaintiff's car of $2,788.00 after repairs. On June 2, 
2012, Defendant offered to settle Plaintiff's claim on payment of $2,788.00, 
attorney's fees in the sum of $3,001.00 and costs of $309.34. Plaintiff rejected 
Defendant's offer.
¶4 On July 30, 2013, Defendant filed an offer to confess judgment in the 
amount of $2,788.00, not including attorney's fees. On July 31, 2013, Plaintiff 
accepted Defendant's offer to confess judgment.
¶5 On October 23, 2013, Plaintiff filed a motion to assess attorney's fees 
and costs. To the motion, Plaintiff attached her attorney's time records 
demonstrating the investment of 80.6 hours at the rate of $250.00 per hour for a 
total attorney's fee claim of $19,950.00 on the claim for damage to property 
alone, as well as costs of $1,052.75. Plaintiff asserted she was entitled to an 
award of prevailing party attorney's fees for the prosecution of her claim for 
damage to her automobile under 12 
O.S. §940, and prevailing party costs under 12 O.S. §942.
¶6 Defendant responded. Defendant argued that Plaintiff claimed no physical 
injury to her property, and that §940 did not permit an award of attorney's fees 
for the successful recovery of only economic damages for the diminished value of 
Plaintiff's car.
¶7 The parties appeared for hearing on February 18, 2014. Plaintiff presented 
the testimony of an attorney, who opined that the claim for diminished value 
constituted a claim for damage to property covered by §940, and that the number 
of hours and hourly rate of compensation claimed by Plaintiff's attorney were 
reasonable. Defendant presented the testimony of an attorney and former 
associate district judge, who opined §940 did not authorize an award of 
attorney's fees related to the successful recovery of economic damages for 
diminished value, and that a reasonable attorney's fee would be $6,642.00, 
calculated by multiplying a reasonable number of hours (49.2) related solely to 
the claim for property damage times a reasonable hourly rate of $135.00 per 
hour. The trial court took the matter under advisement.
¶8 By minute order dated March 17, 2014, memorialized by journal entry of 
judgment filed April 22, 2014, the trial court granted attorney's fees and costs 
to Plaintiff, holding:

 
 After reviewing the motions, the arguments by counsel, and considering 
 all information and documentation offered in support of and opposition to 
 this motion, the Court determines that Plaintiff is entitled to fees and 
 costs pursuant to 12 O.S. 
 §§940 and 942. The diminution in value of Plaintiff's vehicle caused by 
 the accident is an element of injury to property, entitling Plaintiff to an 
 attorney fee award. Because of the marital relationship existing between 
 Plaintiff and Plaintiff's husband, the nature of some of the itemized 
 services (those services typically performed by the vehicle owner rather 
 than the attorney), as well as, the lack of evidence of a fee agreement or 
 an agreed-to fee between the attorney and client, the Court determines that 
 those limited legal services were for self-representation, subjecting those 
 services to the clear and convincing standard and the requirements of 
 Weaver v. Lamb, [1977 OK 
 242,] 574 P.2d 609 (Okla. 
 1977). The Court orders that judgment is hereby awarded to the Plaintiff, 
 and against the Defendant, for attorney's fess in the amount of $8,850.00, 
 based on 59 hours of necessary legal services at the reasonable hourly rate 
 of $150.00, and recoverable court costs in the amount of $1002.75.
 IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that judgment is hereby 
 entered in favor of the Plaintiff and against the Defendant, Doris Dearmon, 
 for the total sum of $9,852.75, plus statutory interest to accrue until paid 
 in full.
¶9 In the principal appeal, Defendant first asserts §940 does not authorize 
an award of prevailing party attorney's fees based solely on the recovery of the 
purely economic loss for diminished value of Plaintiff's vehicle, and §940 
permits an award only based on the successful recovery for actual 
physical damage to Plaintiff's car. Defendant secondly argues that the 
attorney's fees allowed are wholly unreasonable, excessive and disproportionate 
to the actual amount in controversy. Defendant lastly challenges the award of 
costs as unauthorized by §942.
¶10 In the counter-appeal, Plaintiff asserts the trial court abused its 
discretion and arbitrarily reduced the amount of attorney's fees claimed, 
especially considering the testimony of its expert establishing the 
reasonableness of the number of hours expended and the hourly rate of 
compensation. Plaintiff secondly asserts the trial court erroneously failed to 
properly award "enhancement/incentive" attorney's fees allowed by Spencer v. 
OG&E, 2007 OK 76, 171 P.3d 890, and Burk v. 
Oklahoma City, 1979 OK 115, 
598 P.2d 659. Plaintiff lastly 
asserts the costs awarded were proper and reasonable under 12 O.S. §942.
¶11 The question of whether an award of attorney's fees is authorized 
presents a question of law, subject to de novo review on appeal. Corr 
v. Smith, 2008 OK 12, ¶15, 
178 P.3d 859, 863; Finnell v. 
Seismic, 2003 OK 35, ¶7, 67 P.3d 339, 342. The amount of 
"[a] trial court's attorney fees award is reviewed for abuse of discretion." 
Spencer, 2007 OK 76, ¶13, 
171 P.3d at 895; Tibbetts v. Sight 'n Sound Appliance Centers, Inc., 2003 OK 72, ¶3, 77 P.3d 1042, 1046.
¶12 Section 940(A) of title 12, O.S., provides:

 
 In any civil action to recover damages for the negligent or willful 
 injury to property and any other incidental costs related to such action, 
 the prevailing party shall be allowed reasonable attorney's fees, court 
 costs and interest to be set by the court and to be taxed and collected as 
 other costs of the action.
Section 942 of title 12, O.S., authorizes an award for certain items as 
costs.
¶13 Generally speaking, "attorney fees recoverable under the provisions of . 
. . §940 by the prevailing party contemplate only those actions for damages for 
the negligent or willful physical injury to property." Woods Petroleum 
Corp. v. Delhi Gas Pipeline Corp., 1984 OK 94, ¶13, 700 P.2d 1011, 1013. (Emphasis 
original.) So, the prevailing party on a claim for damage to real property from 
seismic operations, or damage to a water source as the result of the 
construction of a sewage lagoon, or for destruction of growing crops, and 
temporary and permanent injury to farmland attributable to the well 
operator-defendant's willful or negligent acts, was entitled to an award of 
attorney's fees under §940(A) because the claims arose directly from some 
physical injury to property. Finnell v. Seismic, 2003 OK 35, 67 P.3d 339 (damage to real 
property from seismic operations); Schaeffer v. Shaeffer, 1987 OK 30, 743 P.2d 1038 (damage to water 
source); Briscoe v. Harper Oil Co., 1985 OK 43, 702 P.2d 33 (damage to crops and 
farmland). See also, BP Pipelines (North America) Inc. v. C.D. Brown Const., 
Inc., 473 Fed.Appx. 818 (10th Cir. (Okl.) 2012).[1] On the other hand, the prevailing 
party on a claim for slander of title, or conversion, or mis-measurement of gas 
taken from a mineral estate, was not entitled to attorney's fees under §940 
because the claims did not arise directly from some physical injury to property. 
See, Stites v. Duit Const. Co., Inc., 1999 OK CIV APP 113, 992 P.2d 913 (conversion); Turner 
Roofing & Sheet Metal, Inc. v. Stapleton, 1994 OK 36, 872 P.2d 926 (slander of title); 
Woods Petroleum, 1984 OK 
94, ¶¶13-14, 700 P.2d at 1013 (mis-measurement of gas). However, the parties 
cite, and we find, no pronouncement of the Oklahoma appellate courts speaking 
directly to the issue presented in this case, and that is, whether the 
prevailing party on a claim for the diminished value of personal property caused 
by the willful or negligent act of another is entitled to an award of attorney's 
fees under §940(A).
¶14 Defendant cites cases from other jurisdictions construing the phrase, 
"property damage," defined in policies of property insurance as "physical damage 
to property," as not including claims for economic damages such as diminished 
value. See, Goodstein v. Continental Cas. Co., 509 F.3d 1042 (9th Cir. 
(Wash.) 2007); Auto-Owners Ins. Co. v. Carl Brazell Builders, Inc., 588 
S.E.2d 112 (S.C. 2003); Hartford Acc. & Indem. Co. v. Pacific Mut. Life 
Ins. Co., 861 F.2d 250 (10th Cir. (Okl.) 1988); Federated Mut. Ins. Co. 
v. Concrete Units, Inc., 363 N.W.2d 751 (Minn. 1985); Wyoming Sawmills, 
Inc. v. Transportation Ins. Co., 578 P.2d 1253 (Or. 1978). However, insofar 
as these cases involve the construction of specific contract language of an 
insurance policy defining "property damage," we do not find them instructive 
here.
¶15 Plaintiff cites a decision of the Oklahoma Supreme Court which we find 
supports application of §940(A) in the present case. In Brennen v. Aston, 
2003 OK 91, 84 P.3d 99, plaintiff sued 
defendant to recover, inter alia, damages for the post-repair diminished value 
of his vehicle, obtained judgment, and the trial court awarded plaintiff 
attorney's fees. 2003 OK 91, ¶5, 
84 P.3d at 101. On appeal, but without discussion of the attorney's fee award, 
the Oklahoma Supreme Court held that the proper measure of damages to personal 
property included not only the cost of repairs, but also the post-repair 
diminution in value of the property, and affirmed judgment for plaintiff. 
Brennen, 2003 OK 91, ¶12, 
84 P.3d at 102.
¶16 In this respect, Plaintiff argues that the trial court's award of 
attorney's fees to plaintiff in Brennen could only be based on §940(A) 
and plaintiff's status as prevailing party on his claim to recover the 
post-repair diminished value of his personal property. So, says Plaintiff, 
Brennen tacitly supports the trial court's award of §940(A) prevailing 
party attorney's fees to her in this case on her claim to recover for the 
post-repair diminished value of her car.
¶17 Although the Supreme Court did not specifically address the application 
of §940(A) in Brennan, we are satisfied the reasoning expressed in 
Brennen supports the application of §940(A) in the present case. The 
Supreme Court in Brennen specifically held that damages for diminished 
value constituted a proper element of damages in a suit to recover for 
damage to personal property. The damages for diminished value flow directly from 
and are a part of the damage to the personal property. If damages for diminished 
value constitute a proper element of recovery in a suit for damage to personal 
property, it necessarily follows that the claim for damage to personal property, 
including damages for diminished value, constitutes a claim for the negligent or 
willful damage to property within the scope of §940(A).
¶18 The gravamen of Plaintiff's recovery in the present case was for damage 
to Plaintiff's vehicle. Plaintiff recovered a sum representing the post-repair 
diminished value of her car, and was the prevailing party on her claim for 
damage to her personal property. As prevailing party, Plaintiff was entitled to 
an award of attorney's fees under §940(A), and we hold the trial court did not 
err as a matter of law in awarding her such fees.
¶19 In the principal appeal, Defendant also asserts the trial court erred in 
awarding wholly excessive and unreasonable fees, disproportionate to the actual 
amount in controversy. In the counter-appeal, Plaintiff asserts the trial court 
erred in arbitrarily awarding less than the amount of attorney's fees claimed, 
supported by competent expert testimony establishing the reasonableness thereof, 
and without an award of an "enhanced" fee authorized by Spencer and 
Burk.
¶20 "Generally, the correct formula for calculating a reasonable fee is to: 
(1) determine the compensation based on an hourly rate; and (2) enhance the fee 
through consideration of the factors outlined in Burk v. Oklahoma City, 
1979 OK 115, 598 P.2d 659 (Burk factors)." 
Spencer, 2007 OK 76, ¶13, 
171 P.3d at 895. (Footnotes omitted.) As the Supreme Court in Spencer 
explained:

 
 The factors set out in Burk v. Oklahoma City are: time and labor 
 required; novelty and difficulty of the questions; skill requisite to 
 perform the legal service; preclusion of other employment; customary fee; 
 whether the fee is fixed or contingent; time limitations; amount involved 
 and results obtained; experience, reputation and ability of the attorneys 
 involved; risk of recovery; nature and length of relationship with the 
 client; and awards in similar causes. An attorney seeking an award must 
 submit detailed time records and offer evidence of the reasonable value of 
 the services performed based on the standards of the legal community in 
 which the attorney practices. Thereafter, steps are taken to determine a 
 reasonable fee. First, from the detailed time records, a lodestar fee is 
 arrived at by multiplying the attorney's hourly rate by the hours expended. 
 Second, the fee may be enhanced by application of the Burk factors. 
 Finally, any fee so calculated is subject to the rule that it must be 
 reasonable and bear some reasonable relationship to the amount in 
 controversy.
2007 OK 76, ¶14, 171 P.3d at 
895. (Footnotes omitted.)
¶21 As we have previously noted, the amount of "[a] trial court's attorney 
fees award is reviewed for abuse of discretion." Spencer, 2007 OK 76, ¶13, 171 P.3d at 895. 
"An abuse of discretion occurs when a decision is based on an erroneous 
conclusion of law or where there is no rational basis in evidence for the 
ruling." Id.
¶22 In the present case, Plaintiff claimed Burk "lodestar" attorney's 
fees of $19,950.00 by multiplying the 80.6 hours invested by the hourly rate of 
$250.00 per hour, costs of $1052.75, and presented expert testimony argued to 
establish the reasonableness of the hours spent, the hourly rate and the costs 
claimed. Defendant presented expert testimony argued to establish, under the 
circumstances of this case, a reasonable attorney's fee of $6,642.00, based on 
49.2 hours at an hourly rate of $135.00 per hour.
¶23 The trial court, upon consideration of the evidence and testimony, 
awarded attorney's fees in the sum of $8,850.00, "based on 59 hours of necessary 
legal services at the reasonable hourly rate of $150.00," and costs of $1002.75. 
The amount of the trial court's award was within the range of reasonable fees 
established by the expert testimony. The trial court explained its reasons for 
awarding less than the amount claimed. The trial court was not persuaded the 
case was of such a nature to warrant an incentive fee under the Burk 
factors, and neither are we. On review of the record, we hold the amount of the 
trial court's award of attorney's fees and costs was authorized by law, was 
reasonable and not excessive, and is unaffected by an abuse of discretion.
¶24 The order of the trial court is AFFIRMED.

MITCHELL, P.J., and HETHERINGTON, C.J., concur.

FOOTNOTES

[1]Relying 
on Finnell, the 10th Circuit Court of Appeals held the prevailing party 
on a claim to recover for damage to a buried pipeline and costs of remediation 
to remove spilled oil from the surface estate was entitled to an award of 
attorney's fees under §940(A).





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1999 OK CIV APP 113, 992 P.2d 913, 70 OBJ 3781, Stites v. Duit Construction Co.
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1987 OK 30, 743 P.2d 1038, 58 OBJ 1192, Schaeffer v. Shaeffer
Discussed
 1994 OK 36, 872 P.2d 926, 65 OBJ 1326, Turner Roofing & Sheet Metal, Inc. v. Stapleton
Discussed
 2003 OK 35, 67 P.3d 339, FINNELL v. JEBCO SEISMIC
Discussed at Length
 2003 OK 72, 77 P.3d 1042, TIBBETTS v. SIGHT 'n SOUND APPLIANCE CENTERS, INC.
Discussed
 2003 OK 91, 84 P.3d 99, BRENNEN v. ASTON, Jr.
Discussed at Length
 2007 OK 76, 171 P.3d 890, SPENCER v. OKLAHOMA GAS & ELECTRIC COMPANY
Discussed at Length
 2008 OK 12, 178 P.3d 859, CORR v. SMITH
Discussed
 1977 OK 242, 574 P.2d 609, WEAVER v. LAUB
Discussed
 1979 OK 115, 598 P.2d 659, STATE EX REL. BURK v. CITY OF OKLAHOMA CITY
Discussed at Length
 1984 OK 94, 700 P.2d 1011, Woods Petroleum Corp. v. Delhi Gas Pipeline Corp.
Discussed at Length
 1985 OK 43, 702 P.2d 33, Briscoe v. Harper Oil Co.
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 940, Negligent or Willful Injury to Property - Attorney's Fees and Costs - Offer and Acceptance of Judgment
Discussed
 12 O.S. 942, Costs the Court Judge May Award
Discussed